MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560

July 16, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 3 0 2012

The Honorable Laura T. Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *FDIC as receiver for Citizens National Bank and Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC et al.*, Case No. 12-cv-4000-LTS

Dear Judge Swain:

We represent Defendants Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Mortgage Capital Inc., and Merrill Lynch, Pierce, Fenner & Smith Inc. (collectively, "Merrill") in the above-referenced case. We write pursuant to section B(3) of Your Honor's Individual Practices and section A(2) of the Motion Procedures of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases. Specifically, we write to request a pre-motion conference concerning a motion (a) to sever the claims asserted in the Complaint that concern a Merrill mortgage-backed securities ("MBS") offering, from the claims that concern 11 other MBS offerings that have nothing to do with Merrill; and (b) to reassign the severed claims to Judge Kaplan because they are related to other Merrill MBS cases pending before him.

Plaintiff's Single Lawsuit Involving 12 Separate MBS Offerings and 17 Defendants

Plaintiff Federal Deposit Insurance Corporation is suing as receiver for two banks that invested massively in MBS in late 2007 and early 2008 after the financial crisis had begun. Plaintiff alleges claims under the Securities Act of 1933 concerning 12 separate MBS issued or sold by such disparate and unrelated companies as Bear Stearns, Credit Suisse, Residential Accredit Loans, Inc. ("RALI"), Citigroup, Residential Asset Securitization Trust ("RAST"), and Merrill. Plaintiff's basic allegation is that the prospectus supplement for each of these separate and independent offerings was false and misleading with respect to the credit quality of the mortgages that backed the securities.

Some of the 12 offerings might properly be included in the same Complaint. For example, five of the offerings are RALI offerings, and another three are RAST offerings. Only one offering, however, is a Merrill offering, and the FDIC's claims with respect to that offering are entirely separate from its claims relating to all the other Defendants and all the other offerings. Why this lone offering was included in this Complaint is unclear, and as shown below, there is no proper basis for doing so and severance is required.

Grounds for Severance

Federal Rule of Civil Procedure 20 provides that multiple defendants cannot be joined in the same action unless "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise

18045523.2

MUNGER, TOLLES & OLSON LLP

The Honorable Laura T. Swain
Page 2

in the action."[1]  Fed. R. Civ. P. 20(a)(2).  The Rule's two requirements are conjunctive; "[w]hat this comes down to is that, not only must there be a common question, but *also* the 'right to relief' must arise from the 'same transaction' or 'series of transactions.'" *Kenvin v. Newburger, Loeb & Co.*, 37 F.R.D. 473, 475 (S.D.N.Y. 1965) (finding that the defendant's "motion [to sever] must be and is granted" where the claims failed to satisfy Rule 20's "same transaction [or] occurrence" requirement).  Neither of Rule 20's mandatory requirements is satisfied here.

*First,* Plaintiff's claims relating to the one Merrill offering clearly do not arise from the "same transaction, occurrence, or series of transactions or occurrences" as its claims relating to the 11 non-Merrill offerings.  Plaintiff does not and cannot allege that the offerings are related or connected in any way, or that the various Defendants acted in concert with each other across unrelated offerings.  Plaintiff simply has plopped Merrill into the Complaint seemingly at random.

The Second Circuit has held that such egregious misjoinder can warrant not just severance, but dismissal.  In *Nassau County Association of Insurance Agents v. Aetna Life & Casualty Co.*, 497 F.2d 1151 (2d Cir. 1974), the plaintiffs sued against 164 insurance agencies for allegedly terminating or threatening to terminate insurance agency contracts in violation of the same federal antitrust laws.  The Second Circuit held that the plaintiffs had "failed to comply with Rule 20(a) of the Federal Rules of Civil Procedure" because the terminations were separate and independent, and the defendants were not alleged to have acted in concert.  *Id.* at 1154.  The Second Circuit concluded that the plaintiffs' lumping of unrelated transactions and defendants into the same case was "such a gross abuse of procedure that dismissal under F. R. Civ. P. 41(b) for failure to comply with the federal rules is warranted."  *Id.*

At least one court in an MBS case like this one has reached a similar result.  In *Federal Home Loan Bank v. Banc of America Funding Corp.*, 2010 U.S. Dist. LEXIS 126046 (N.D. Ill. Nov. 29, 2010), a single complaint alleged securities claims against multiple unrelated defendants relating to multiple unrelated MBS offerings.  The court *sua sponte* held that this was improper: "[C]laimed similarity of conduct . . . does not qualify under the standard established for permissive joinder of defendants under Rule 20(a)(2)(A). . . .  If the [plaintiff] is to proceed in this federal court, it must do so through multiple law suits, not by agglomerating its numerous separate claims in a single unwieldy Complaint."  *Id.* at *6-7.[2]  The same result follows here for the same reasons.

---

[1] Throughout this letter, any emphasis in quotations is added, and any internal quotation marks, citations, footnotes, brackets, and ellipses are omitted unless otherwise indicated.

[2] *See also Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming finding that the bank defendant had been misjoined, because the loan it made to the plaintiff had "no relation to the loans made by the other defendants"); *CitiMortgage, Inc. v. Mason Dixon Funding, Inc.*, 2011 WL 1344031, at *6-7 (E.D. Mo. Apr. 8, 2011) (severing claims against two defendants alleging breach of representations and warranties concerning loans purchased under the *same* agreement where the alleged damages were tied to different sets of loans); *Nelson v. AIM Advisors, Inc.*, 2002 WL 442189, at *1 (S.D. Ill. Mar. 8, 2002) (finding no basis for joining claims against numerous defendant groups consisting of investment advisors and distributors of mutual funds where "[e]ach pair advises and manages the funds involved inside its own complex and does not manage or advise any of the funds of other complexes").

MUNGER, TOLLES & OLSON LLP

The Honorable Laura T. Swain
Page 3

*Second*, Plaintiff's claims against Merrill fail Rule 20's other mandatory requirement, namely, that there be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). That Plaintiff alleges that multiple Defendants violated the same securities laws does not change this; "[w]here, as here, the plaintiff does no more than assert that the defendants 'merely commit[ed] the same type of violation in the same way,' it does not satisfy the test for permissive joinder in a single lawsuit pursuant to Rule 20." *Digital Sins, Inc. v. Does 1-245*, 2012 WL 1744838, at *2 (S.D.N.Y. May 15, 2012) (citing *Nassau*, 497 F.2d at 1154). Because this requirement, too, of Rule 20 is not satisfied, severance is required.[3]

Grounds for Reassignment

Although the claims Plaintiff asserts against Merrill have no relationship to the claims it asserts against the other Defendants, its claims against Merrill share common defendants and questions of law and fact with three other cases currently pending in front of Judge Kaplan: (1) *Stichting Pensioenfonds ABP v. Merrill Lynch & Co. et al.*, No. 10-cv-6637-LAK; (2) *IKB International S.A. v. Bank of America Corp. et al.*, No. 12-cv-4036-LAK; and (3) *Dexia SA/NV v. Merrill Lynch & Co. et al.*, No. 12-cv-4032-LAK. Like Plaintiff's claims against Merrill, each of these other cases involves allegations that the offering documents for Merrill MBS misrepresented the credit quality of the loans. Because Plaintiff's claims against Merrill and these other cases against Merrill obviously present common Merrill-related issues and overlapping witnesses and documentary evidence, the interests of justice and efficiency would be served by transferring the claims to Judge Kaplan. *See* Local Rule 13(a) (cases are "deemed related . . . when the interests of justice and efficiency will be served"; "in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or pre-trial discovery may be deemed relevant").

Merrill and its counsel thank the Court for its time and attention to this matter.

*[Handwritten: The pre-motion issues will be taken up at the August 10, 2012, initial pretrial conference.]*

Sincerely,

Marc T.G. Dworsky

SO ORDERED.

NEW YORK, NY
*[signature]*
LAURA TAYLOR SWAIN
*[Handwritten: July 27, 2012]* UNITED STATES DISTRICT JUDGE

---

[3] Moreover, severance of Plaintiff's claims relating to the lone Merrill offering would serve the interests of fairness and judicial economy. The issues to be tried, and the testimonial and documentary evidence, as to the Merrill offering will differ markedly from that of the other offerings: What the offering documents said, which entity's or entities' mortgage underwriting guidelines applied, and to what extent the guidelines were followed, will differ. Whether any departures from underwriting guidelines led to mortgage defaults, and if so, whether such defaults caused shortfalls in the income streams due the banks on whose behalf Plaintiff is suing, will differ. There is simply no getting around the fact that the Merrill offering involves a different product, created and sold by different Defendants, pursuant to different offering documents, at a different time, under different market conditions, with different implications for liability, causation, and damages. "[A]llowing the various claims to remain consolidated would result in a cumbersome trial with disparate evidence," and thus the "[i]nterests of efficiency suggest that severance is the preferable option." *Boston Post Rd. Med. Imaging, P.C. v. Geico Gen. Ins. Co.*, 2004 WL 1810572, at *5 (S.D.N.Y. Aug. 12, 2004).

18045523.2