**GRAIS & ELLSWORTH LLP**

D & F

1211 Avenue of the Americas
New York, New York 10036

212 755 0100
graisellsworth.com

Mark B. Holton
212 755 5693
mholton@graisellsworth.com

July 25, 2012

By Facsimile

The Honorable Laura T. Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 3 0 2012
```

*FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank
v. Bear Stearns Asset Backed Securities I LLC, et al., Case No. 12-cv-4000-LTS*

Dear Judge Swain:

    We represent the FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank. At the outset we apologize to the Court for the inadvertent tardiness of this letter.

    We write in response to the July 16, 2012 letter from the Merrill defendants (Merrill) requesting a pre-motion conference concerning a motion to (a) sever claims asserted in the Complaint that concern a Merrill MBS offering and (b) reassign the Merrill claims to Judge Kaplan who currently has other Merrill MBS cases pending before him at various stages of litigation.

    Contrary to Merrill's contentions, none of the defendants in this action were misjoined. Rule 20(a)(2) allows a plaintiff to join allegations against multiple defendants in a single suit so long as: (1) a right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) the claims against the defendants share a common question of law or fact. Fed. R. Civ. P. 20(a)(2).

    The purpose of Rule 20(a) is "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Ligey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. June 11, 2003) (citations omitted). As the Supreme Court has observed, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

    The FDIC has alleged sufficient facts to show that its claims arise from the same "series of transactions," as Rule 20(a) requires. As this Court has noted, courts within the

GRAIS & ELLSWORTH LLP

Second Circuit repeatedly have interpreted the phrase "same transaction" to encompass all logically related claims. *See Wang v. Paterson*, 2008 WL 5272736, at *7 (S.D.N.Y. Dec. 18, 2008). The FDIC's claims are logically related. The claims involve the same type of residential mortgage-backed securities. The now-failed banks used the same processes to evaluate the securities before they decided to invest in them, and the defendants employed similar means to offer and sell the securities. Furthermore, the banks purchased the securities during the same, rather limited time period.

The FDIC's claims against the defendants also share common questions of law and fact, which satisfies Rule 20(a). The FDIC alleges that each defendant made untrue or misleading statements of material fact about the same criteria that described the collateral backing the securities (e.g., Loan-to-Value ratios, appraisals, occupancy status and underwriting standards). Further, the state of the banks' alleged knowledge of the false or misleading nature of the defendants' alleged misrepresentations and material omissions is another common issue.

Even if severance was ordered, it would be inappropriate to "reassign" Merrill's claims to Judge Kaplan. Instead, the severed claims should be consolidated with this proceeding pursuant to Federal Rule of Civil Procedure 42.

Merrill complains that the FDIC has "plopped" its claims against Merrill in a suit asserting other claims against numerous different defendants. However, the case *Stichting Pensioenfonds APB v. Franks, et al.*, No. 10-cv-6637-LAK, to which Merrill argues the claims against it here are related, was directed to Judge Kaplan because related to *In re Lehman Brothers Securities and ERISA Litigation*, 09-md-2017-LAK (Lehman MDL). The Lehman MDL is comprised of approximately 40 class and individual actions which assert claims against the following families of defendants in addition to Merrill: 1. Lehman (individual defendants); 2. Citigroup; 3. Bank of America; 4. Morgan Stanley; 5. UBS; 6. Wells; 7. Ernst & Young; 8. Bank of New York; 9. Moody's; 10. HSBC; and 11. Fidelity. It is difficult to understand how the claims asserted here against Merrill are more related to the numerous and disparate cases that comprise the massive Lehman MDL than to this individual action.

As for the other two cases Merrill cites, *IKB International S.A. v. Bank of America Corp., et al.*, No. 12-cv-4036-LAK and *Dexia SA/NV v. Merrill Lynch & Co., et al.*, 12-cv-4032-LAK, those cases were directed to Judge Kaplan because ostensibly related to a suit that has since been remanded to the Supreme Court of the State of New York. And *Dexia* is now itself subject to a pending motion to remand. Consequently, these two suits are scant basis for reassigning the Merrill claims to Judge Kaplan.

GRAIS & ELLSWORTH LLP

Honorable Laura T. Swain<br>
July 25, 2012<br>
Page 3

Finally, the FDIC respectfully suggests that any pre-motion conference be held in conjunction with the initial pretrial conference scheduled for August 10.

Respectfully,

Mark B. Holton

Copies to All Counsel (by email)