GRAIS & ELLSWORTH LLP

DsF

1211 Avenue of the Americas
New York, New York 10036

212 755 0100
graisellsworth.com

Mark B. Holton
212 755 5693
mholton@graisellsworth.com

August 6, 2012

By Facsimile

The Honorable Laura T. Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **AUG 0 7 2012**

*FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC et al., Case No. 12-cv-4000-LTS*

Dear Judge Swain:

We represent plaintiff the FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank. We write to respond briefly to Mr. Frankel's letter of earlier today, which unexpectedly and extensively argues the merits of whether a full stay of discovery pending a decision on defendants' motion to dismiss is warranted.

The FDIC believes that Mr. Frankel's letter misapprehends the significance of the Pilot Project Regarding Management Techniques for Complex Civil Cases in the Southern District of New York. It is inarguable that the Judicial Improvements Committee intended that federal securities cases would be designated for inclusion in the Pilot Project. Indeed, Standing Order M10-468 expressly includes securities suits (category 850) as one of several types of cases to be designated automatically for inclusion in the Pilot Project, which is what happened in this case.

In Section II.A. of the Report of the Judicial Improvements Committee (JIC), the Committee (composed of 12 judges of this Court) explicitly states that discovery under Federal Rule of Civil Procedure 34 may proceed while a motion to dismiss is pending. The FDIC submits that this regime represents a considered decision of the JIC, and that it is highly unlikely the JIC did not give due attention to the automatic stay of the PSLRA when promulgating the provision.

Defendants assert that Section II.A. cannot apply to securities cases because this "judicially-created case management mechanism ... cannot supersede, contradict, or impliedly repeal the PSLRA stay ...." But the PSLRA stay can be lifted in appropriate circumstances. *See, e.g., In re Worldcom, Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y 2002). The judges of this Court have merely made a thoughtful decision that, in general, the automatic stay should be lifted in part while a motion to dismiss is

GRAIS & ELLSWORTH LLP

Honorable Laura T. Swain
August 6, 2012
Page 2

pending. And, as defendants point out, the Court has authority under the Pilot Program to order a full stay where appropriate.

Indeed, the defendants have requested in the alternative that the Court enter a full stay pending a decision on the motion to dismiss. But the defendants have offered nothing more than their confident predictions about the motion to dismiss and garden variety invocations of efficiency as justifying a full stay. If these considerations were, without more, sufficient to justify a full stay then Section II.A. would be made meaningless for all practical purposes.

Thank you for your consideration.

Respectfully,

Mark B. Holton

Copies to All Counsel (by email)