SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 7 2012

DIRECT DIAL NUMBER
(212) 455-3173

E-MAIL ADDRESS
afrankel@stblaw.com

BY FACSIMILE

August 6, 2012

Re: *FDIC v. Bear Stearns Asset-Backed Sec. I LLC, et al.*, No. 12 Civ. 4000 (LTS) (MHD)

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Dear Judge Swain:

    We write on behalf of the Defendants in the above-captioned action (the "Action") in response to Mark Holton's letter of August 3, 2012.

    Defendants agree that the date for submission of the Initial Conference Report should be extended and the Initial Pretrial Conference scheduled for August 10, 2012 should be adjourned. However, for the reasons stated below, Defendants respectfully request that the Initial Pretrial Conference be rescheduled, if necessary, to a date following the Court's ruling on Defendants' pending motion to dismiss the Action pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Defendants' motion to dismiss was filed on July 30, 2012. Under the stipulation approved by this Court on June 14, 2012, Plaintiff's opposition brief is due on September 28, 2012 and Defendants' reply is due on October 29, 2012. Pursuant to the Private Securities Litigation Reform Act, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 77z-1(b)(1). This automatic stay (the "PSLRA Stay") applies to initial disclosures,[1] as well as third-party discovery.[2]

---

[1] *See, e.g., Medhekar v. United States District Court*, 99 F.3d 325, 327-28 (9th Cir. 1996) (PSLRA Stay covers Rule 26 initial disclosures notwithstanding the argument it "might lead to unnecessary or unreasonable delays in the early stages of litigation" because such delay is contemplated by the PSLRA); *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (same).

BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   PALO ALTO   SAO PAULO   TOKYO   WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain     -2-     August 6, 2012

      The Court's standing order concerning the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (the "Pilot Project") independently provides that "[i]f a motion to dismiss is pending, the Court may consider postponing the initial pretrial conference until the motion is decided." *See* Standing Order M10-468, at I.B. Particularly in view of the PSLRA Stay, Defendants believe that the most efficient and sensible way to proceed would be to address matters typically addressed at the Initial Pretrial Conference, if necessary, following the Court's ruling on the motion to dismiss.[3]

      In meet-and-confers held by the parties on July 20 and 27, 2012, Plaintiff took the position that the Initial Pretrial Conference should take place as planned and that document discovery should proceed in this Action because the Pilot Project generally permits such discovery to proceed notwithstanding the pendency of a motion to dismiss. This position is untenable: the Pilot Project is a judicially-created case management mechanism which cannot supersede, contradict, or impliedly repeal the PSLRA Stay, which is embodied in a duly-enacted federal statute.

      For the foregoing reasons, Defendants respectfully request that the Initial Pretrial Conference be rescheduled until the Court has ruled on Defendants' pending motion to dismiss. Defendants are nonetheless in the process of determining their availability on August 17, 2012, in the event the Court determines that the conference should be held before

---

[2] *See Fisher v. Kanas*, No. 06-cv-1187, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006) (the PSLRA Stay "bars discovery of non-parties as well"); *Faulkner v. Verizon Communications, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001) (refusing plaintiff's application to take discovery of third party because "the PSLRA does not distinguish between discovery of non-parties and parties").

[3] Defendants' motion to dismiss raises significant threshold legal issues that may eliminate entirely or reduce significantly the issues relevant to this Action, and Defendants therefore believe that any ruling concerning how this Action shall proceed, including the scope and extent of discovery, should be addressed after these threshold legal issues are addressed. Therefore, even if the PSLRA Stay did not apply, as it does here, Defendants believe that a stay would be warranted under Federal Rule of Civil Procedure 26(c). *See, e.g., Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay pending decision on motion to dismiss to avoid "costly and time-consuming discovery"); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting the defendant's request for a stay of discovery pending resolution of the motion to dismiss "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery").

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain     -3-     August 6, 2012

the Court rules on the motion to dismiss.[4]

Respectfully submitted,

Andrew T. Frankel

cc:     All counsel (*by e-mail*)

> The conference has been scheduled for September 14, 2012, at 2:00 pm and will go forward on that date, including the pre-motion conference regarding severance of the Merrill Lynch-related claims. The request for a stay based on the PSLRA is denied, as this is not a class action (see 15 USC §77z-1 (a)(1), (b)(1)).

SO ORDERED.

NEW YORK, NY
Aug 7, 2012

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

---

[4] The Court previously had indicated that the pre-motion issues regarding the Merrill Lynch defendants' motion to sever the claims against them and to reassign the severed claims to Judge Kaplan would be taken up at the Initial Pretrial Conference scheduled for August 10, 2012. (7/27/12 Endorsed Ltr. (Dkt. No. 56).) Notwithstanding Defendants' request to adjourn the Initial Pretrial Conference until after the motion to dismiss is decided, the Merrill Lynch defendants request that the Court proceed with a pre-motion conference regarding their motion to sever on a date that is convenient for the Court.