D↑F

## SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3073

E-MAIL ADDRESS
afrankel@stblaw.com

**BY FACSIMILE**

August 10, 2012

Re: *FDIC v. Bear Stearns Asset-Backed Sec. I LLC, et al.*, No. 12 Civ. 4000 (LTS) (MHD)

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Swain:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 15 2012
```

    We write on behalf of Defendants in the above-captioned action to request a pre-motion conference concerning applicability of the automatic discovery stay provided under the Private Securities Litigation Reform Act of 1995 (the "PSLRA Stay"), 15 U.S.C. § 77z-1(b)(1), in view of the Court's August 7, 2012 order. The parties have previously met and conferred on the applicability of the PSLRA Stay to this action.

    It is well settled that the PSLRA Stay is automatic upon the filing of a motion to dismiss and that it is not limited to class actions. In Defendants' August 7 letter, Defendants requested that the Court defer the initial conference until after the motion to dismiss has been decided. While the Court stated in its August 7 order that "[t]he request for a stay based on the PSLRA is denied, as this is not a class action (*see* 15 U.S.C. § 77z-1(a)(1), (b)(1))," Defendants had not moved for a stay (because it is automatic), nor has Plaintiff moved to lift the stay.[1] Defendants respectfully request that before the stay is lifted or deemed not to apply here, they be permitted an opportunity to respond to a motion if one is brought by Plaintiff.

    Section 77z-1, entitled "Private securities litigation," codifies those provisions of the PSLRA that are applicable to actions brought under the Securities Act of 1933. The first subsection concerns specific requirements for class actions and explicitly states that "[t]he provisions *of this subsection* shall apply to each private action arising under this subchapter that is brought as a plaintiff class action . . ." 15 U.S.C. § 77z-1(a)(1) (emphases added).

---

[1] *See* 15 U.S.C. § 77z-1(b)(1) ("all discovery and other proceedings *shall be stayed* unless the court finds, *upon the motion* of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party") (emphasis added).

BEIJING    HONG KONG    HOUSTON    LONDON    LOS ANGELES    PALO ALTO    SAO PAULO    TOKYO    WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain          -2-                    August 10, 2012

The automatic stay, however, is set forth in the following subsection and is not limited to class actions. 15 U.S.C. § 77z-1(b)(1). Rather, Section 77z-1(b)(1) provides, without limitation, that all discovery and other proceedings shall be stayed "[i]n *any* private action arising **under this subchapter**"[2] "[T]his subchapter" refers to the Securities Act of 1933, under which FDIC's claims in this action arise. *See* 15 U.S.C. § 77a ("This subchapter may be cited as the 'Securities Act of 1933.'"). As one court recently noted when construing the identical PSLRA provisions in the Securities Exchange Act of 1934,

> [A] substantial body of law exists supporting the conclusion that the automatic-stay provision of the PSLRA applies to federal securities claims brought individually in addition to claims brought collectively . . . . The automatic-stay provision applies to "any private action." 15 U.S.C. § 78u-4(b)(3)(B). By contrast, other subsections of 15 U.S.C. § 78u-4 apply to claims "brought as a plaintiff class action." 15 U.S.C § 78u-4(a). Congress knew how to limit the application of the PSLRA to class actions only—it chose not to limit the automatic-stay provision in this manner.

*Dipple v. Odell*, 2012 WL 1548950, at *2 (E.D. Pa. May 2, 2012).

Indeed, numerous courts within and outside of this district have consistently and unanimously recognized that the PSLRA, including its automatic stay, is not limited to class actions. *See, e.g., Lindner v. Am. Exp. Co.*, 2010 WL 4537819, at *1 (S.D.N.Y. Nov. 8, 2010) ("The automatic stay provision applies in actions involving individual plaintiffs."); *Schnall v. Proshares Trust*, 2010 WL 1962940, at *1 (S.D.N.Y. May 17, 2010) (declining to lift discovery stay in case commenced by individual plaintiffs); *Sobek v. Quattrochi*, 2004 WL 2809989, at *5 (S.D.N.Y. Dec. 8, 2004) ("[I]t is well settled in this district that the PSLRA is not limited to class actions") (citing cases); *accord, In re Finisar Corp. Deriv. Litig.*, 2012 WL 609835, at *1 (N.D. Cal. Feb. 24, 2012) (PSLRA discovery stay not limited to class actions); *Nichting v. DPL Inc.*, 2011 WL 2892945, at *1 (S.D. Ohio July 15, 2011) (same).[3] Indeed, courts have observed that courts are unanimous on this issue,[4] and this

---

[2] The class-action-specific limitations of subsection § 77z-1*(a)* do not apply to subsection 77z-1*(b)* because subsection (b) is equal in hierarchical rank to subsection (a), not one of its subparts. *See, e.g., Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60-61 (2004).

[3] *See also Inter-County Res., Inc. v. Medical Res., Inc.*, 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999); *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *In re Altera Corp. Deriv. Litig.*, 2006 WL 2917578, at *1 (N.D. Cal. Oct. 11, 2006); *Riggs v. Termeer*, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003); *Benbow v. Aspen Tech., Inc.*, 2003 WL 1873910, at *3-4 (E.D. La. April 11, 2003); *In re Trump Hotel Shareholder Deriv. Litig.*, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997).

[4] *See, e.g., Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003) ("Several courts have acknowledged, directly or indirectly, that the PSLRA's 'any private action' language allows for application of the [PSLRA stay] to non-class action federal securities suits. *No contrary opinions have been cited.*") (emphasis added) (citations omitted); *Melzer v. CNET Networks, Inc.*, 2006 WL 3716477, at *2 (N.D. Cal. Dec. 15, 2006) ("*No decisions have been found where the PSLRA's stay was denied . . . solely because [the securities claims] were not brought by a class.*") (emphasis added).

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain          -3-                    August 10, 2012

Court has itself enforced the PSLRA Stay in an action commenced by an individual plaintiff. *See Rampersad v. Deutsche Bank Sec. Inc.*, 381 F. Supp. 2d 131 (S.D.N.Y. 2003) (Swain, J.).

Plaintiff contends that "the PSLRA stay can be lifted in appropriate circumstances," and that the Pilot Program represents "a thoughtful decision that in general, the automatic stay should be lifted in part while a motion to dismiss is pending." (Mark Holton's 8/6/12 letter at 1-2.) However, as noted above, the PSLRA Stay may only be lifted when "the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 77z-1(b)(1); *see also Rampersad*, 381 F. Supp. 2d at 133. These are "narrow statutory exceptions" allowing only *limited* discovery upon *case-specific* showings of necessity in a duly noticed motion. *Kuriakose v. Fed. Home Loan Mortg. Corp.*, 674 F. Supp. 2d 483, 488 (S.D.N.Y. 2009) (citations and quotations omitted); *see also Riggs v. Termeer*, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003); *accord, In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) The Pilot Program does not purport to, nor could it, override the PSLRA Stay.[5] *See Morris v. Bus. Concepts, Inc.*, 259 F.3d 65, 73 (2d Cir. 2001) ("judge made rule" cannot override a federal statute), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010). Thus, defendants had requested that the Court defer the preliminary conference until after ruling on the pending motion to dismiss not only because that motion raises numerous threshold legal issues that could moot issues addressed in the initial preliminary conference, but because of the automatic stay that became effective upon the filing of that motion and the fact that, as noted in Defendants' August 6 letter, the stay applies to all discovery, including initial disclosures and third-party discovery.

For the foregoing reasons, Defendants respectfully submit that this action is subject to the PSLRA Stay and requires a motion by plaintiff and sufficient showing of prejudice for the stay to be lifted. Defendants request a pre-motion conference on this issue to be heard during the September 14, 2012 conference or such other date as the Court may direct.

Respectfully submitted,

Andrew T. Frankel

---

[5] Commentators have recognized that the Pilot Project does not supersede the PSLRA. *See* Spiro & Mogul, *Southern District Launches Pilot Project for Complex Civil Cases*, N.Y.L.J, vol. 246, no. 118 (Dec. 20, 2011) ("The procedures devoted to discovery recommend consideration of a partial stay of discovery after the filing of a motion to dismiss, permitting only document or other Rule 34 discovery to proceed pending resolution of the motion. (*Securities cases are independently governed by the Private Securities Litigation Reform Act's more robust automatic stay, which halts document production as well*).") (emphasis added).

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain     -4-     August 10, 2012

cc:     All counsel (*by e-mail*)