**GRAIS & ELLSWORTH LLP**

1211 Avenue of the Americas
New York, New York 10036

212 755 0100
graisellsworth.com

Mark B. Holton
212 755 5693
mholton@graisellsworth.com

August 14, 2012

By Facsimile

The Honorable Laura T. Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 15 2012

*FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC et al., Case No. 12-cv-4000-LTS*

Dear Judge Swain:

We represent plaintiff the FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank. We write to respond to Mr. Frankel's letter of August 10, 2012 on behalf of all Defendants.

Defendants' letter ignores their own actions and this Court's order of August 7, 2012. They ask for a pre-motion conference, not with respect to a motion that they intend to file, but with respect to a motion that they insist the FDIC must file to lift the discovery stay set forth in the PSLRA. Defendants' position appears to stem from their disagreement with the Court's August 7 order, which rescheduled the initial conference and denied a stay. Defendants appear to suggest that the order did not result from any request or conduct of theirs. But it was the Defendants who, in response to the FDIC's routine request to adjourn the initial conference, put the issue before the Court by arguing that because of the PSLRA stay the conference should not be rescheduled until after a decision on Defendants' motion to dismiss. Defendants' argument necessitated that the Court rule on the issue, which it did by re-setting the initial conference to September 14, 2012 and addressing Defendants' argument under the PSLRA.

As the parties that object to the order, it is Defendants who are obliged to seek relief from it. Accordingly, the Defendants' request for a pre-motion conference on a motion that they assert the FDIC must file (the FDIC does not intend to do so) should be denied. If the Defendants request a pre-motion conference on a motion seeking relief from the August 7 order, the FDIC will, of course, respond appropriately.

Honorable Laura T. Swain
August 14, 2012
Page 2

GRAIS & ELLSWORTH LLP

Thank you for your consideration.

Respectfully,

Mark B. Holton

Copies to All Counsel (by email)