# Exhibit A

```
STATE OF INDIANA      )    IN THE MARION SUPERIOR COURT
                      ) SS: CIVIL DIVISION   ROOM FIVE
COUNTY OF MARION      )    CAUSE NUMBER 49D05 1010 PL 45071
```

FEDERAL HOME LOAN BANK OF )
INDIANAPOLIS,             )
                          )
           Plaintiff,     )
                          )
    v.                    )
                          )                    **FILED**
BANC OF AMERICA MORTGAGE  )
SECURITIES, INC., ET AL., )           (231)    JUL 0 3 2012
                          )
           Defendants.    )                    Elizabeth F. White
                                               CLERK OF THE MARION CIRCUIT COURT

## ORDER ON MOTION TO DISMISS

The plaintiff has brought suit alleging violations of federal and state securities law and also alleging the tort of negligent misrepresentation was committed. There is a three year statute of limitations on actions claiming violations of the Indiana securities law: "(g) Action under this section shall be commenced within three (3) years after discovery by the person bringing the action of a violation of this article, and not afterwards." Ind. Code § 23-19-5-9. The federal Securities Act's statute of limitations requires that claims be "brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77M. Since the plaintiff's negligent misrepresentation claims sound in tort, it is subject to the two year statute of limitations provided in Ind. Code § 34-11-2-4. Thus, the first question before the Court on the Defendants' *Motion to Dismiss* is whether the *Amended Complaint* pleads matters which on their face have been brought beyond the applicable statutes of limitation and statute of repose. This case was initially filed on October 15, 2010 (thereafter amended on July 14, 2011).

1

The defendants filed their *Motion to Dismiss* on September 14, 2011. A *Motion to Dismiss* under Ind. Trial Rule 12(b)(6) tests the legal sufficiency of a complaint: do the allegations of the complaint establish any set of circumstances under which a plaintiff would be entitled to relief? *Gordon v. Purdue University*, 862 N.E.2d 1244(Ind.App.2007). A court should accept as true the facts alleged in the *Complaint* and should only consider the pleadings in the light most favorable to the plaintiff. *Trail v. Boys & Girls Clubs of Northwest Indiana*, 845 N.E.2d 130, 134 (Ind.2006).

Defendants have cited to information found in the public domain sounding alarms mostly with respect to the "junk" Residential Mortgage Backed Securities ("RMBS") purchased by financial institutions as far back as 2007. The plaintiff argues that the Indiana Securities Act requires "actual knowledge" on the part of the plaintiff before the statute of limitations begins to run. Plaintiff bought prime (all AAA rated by the debt rating agencies), not subprime or "junk", residential mortgage-backed securities (RMBS) and any information in the public domain about the proliferation of subprime mortgages and the economic risk associated with them is not applicable to the prime, AAA rated, securities bought by the plaintiff. The *Amended Complaint*, on its face, does not plead facts that the claimed violation of Indiana Securities law accrued before October 15, 2007. None of the bonds were down-graded to below investment grade before 2008. No discussion of the tolling of the statute of limitations is necessary to reach this conclusion and the Defendants' *Motion to Dismiss* the state securities law claims is **denied**.

The applicable federal statute of limitation states that the action must be "brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." Plaintiffs argue that this statute of limitations was tolled by the filing of class actions in which the Plaintiff would have been a

2

member of the putative class. Discussion of this issue is developed below, but the application of the concept of tolling to the federal statute of repose should be addressed first.

There is a three (3) year statute of repose under the federal statute. Section 13 of the Securities Act provides that in no event can an action under that Act be brought to enforce a liability, created under Section 11, more than three years after the security is bona fide offered to the public, or, under Section 12(a)(2), more than three years after the sale. Citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), Plaintiff counters that statutes of repose, as well as statutes of limitation can be, and were, tolled by the filing of certain class action law suits against these defendants and this Plaintiff was within the proposed class which brought the suits. "We hold that in this posture, at least where class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Am. Pipe*, id. at 552-53.

Defendants argue that *American Pipe* tolling does not apply to statutes of repose and therefore cannot toll the 3 year repose period for the filing of federal claims. Additionally, the named plaintiffs in some of the class actions eventually were found to lack standing to sue, and so Defendants contend this Plaintiff cannot rely on those cases to toll the statute of repose. The parties cite to conflicting cases across the country from various federal districts and circuits holding both that statutes of repose can be tolled and that they cannot.

Since this matter is in an Indiana trial court, the court will look to Indiana and Seventh Circuit precedent to inform the court on this issue. "A statute of repose is strong medicine, precluding as it does even meritorious suits because of delay for which the plaintiff is not

3

responsible. '[A]s opposed to a statute of limitations, which begins running upon the accrual of some claim and permits equitable exceptions, ... a statute of repose ... 'serves as an unyielding and absolute barrier' to a cause of action, regardless of whether that cause has accrued.' *Klein v. DePuy, Inc.*, 506 F.3d 553, 557 (7th Cir.2007). 'The rule in the federal courts is that both tolling doctrines—equitable estoppel and equitable tolling—are ... grafted on to federal statutes of limitations,' but 'neither tolling doctrine applies to statutes of repose; their very purpose is to set an outer limit unaffected by what the plaintiff knows.' *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990)." *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011).

The Indiana Court of Appeals noted that statutes of repose should be construed broadly for policy reasons and tolling should be narrowly construed, at least in the context of a statute of repose for claims of construction defects. *Kissel v. Rosenbaum*, 579 N.E.2d 1322 (Ind. App. 1st Dist. 1991). The court also declined to find tolling for fraud. "The Legislature intended the statute of repose to impose a maximum time limit beyond which an action for damages may not be maintained, regardless of when the cause of action accrues. *Berns Const. Co., Inc. v. Miller*, 491 N.E.2d 565, 570 (Ind. App. 1st Dist. 1986) aff'd, 516 N.E.2d 1053 (Ind. 1987). "As we construe the provision for a nonresident defendant, we conclude the Legislature meant it to apply only to the statutes of limitation and not to this statute of repose. The same is true about the Rosenbaums' claim that fraud on the part of the Kissels tolled the limitations period. The actions of the Kissels, through which they hid the defects of the house, did not affect the repose statute's maximum time limit beyond which the action may not be maintained." *Kissel, id.* at 1328.

Until the appellate courts of Indiana have announced any rationale for tolling a statute of repose, the court finds and orders that the filing of the various class action law suits did not toll the statute of repose on the Plaintiff's federal claim and these are dismissed, as it is undisputed

4

that this action was brought more than three years after the sale of the securities at issue.

As briefly referenced above, 15 U.S.C. § 77(m) provides for a one year statute of limitation after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence. Plaintiffs argue that under *American Pipe* statutes of limitation are tolled once a class action lawsuit has been brought against the named defendants and upon the same securities.

It is the position of the plaintiffs that class actions were filed on some of the securities which are the subject matter of this lawsuit, against these same defendants. Specifically, the court discerns from the briefs that the following certificates were the subject of prior class actions: BSARM-2007-3 1A1, CWHL 2007-8 1A5, CWHL 2007-13 A4, STARM 2007-4 2A2, WAMU 2007-HY1 4A1, WAMU 2007-HY2 1A1, WFMBS 2007-10 1A10, WFMBS 2006-10 A7, WFMBS 2007-4 A16, and WFMBS 2007-11 A2. Without recitation of the nuanced response of the defendants, this Court holds that while tolling does not affect the running of a statute of repose, this Court finds that the reasoning of *In Re Morgan Stanley Mortg. Passed/threw certificates litigation*, 810 Supp.2d 650(S.D.N.Y.2011) to be the most persuasive. Tolling of a statute of limitations based upon the filing of a class action in which the same claims are made, flowing from the same securities against the same defendants would certainly cause an informed putative class member to believe that the original plaintiff had standing to sue on their behalf and all of the reasons supporting *American Pipe* would pertain. Therefore, the Court finds that the *Amended Complaint* comes with all inferences taken in favor of the plaintiff, it states a cause of action as to any certificates that were the subject of prior class actions against these defendants (presumably the Court has correctly deduced which certificates would qualify), and appears, for the purposes of this motion, to have been brought within the applicable statutes of

5

limitation.

The defendants' *Motion to Dismiss* contends that the *Amended Complaint* fails to state a cause of action for negligent misrepresentation. The defendant banks argue that there are no actionable misstatements or omissions. The defendants assert that the offering documents sufficiently disclosed all information necessary to evaluate the investment certificates which are the subject of this litigation. Specifically, defendants state that the offering documents disclose the Originators' underwriting practices. The claims of the plaintiff are that the underwriting guidelines were actually disregarded with no effort to evaluate credit-worthiness. The parties make evidentiary claims and qualitative and quantitative arguments. However, on a *Motion to Dismiss,* all inferences are taken in the light most favorable to the non-moving party and the Court makes no evaluation of the likelihood of success. The Court finds that the plaintiff has, indeed, stated a claim upon which relief can be granted on the issue of underwriting guidelines. The defendants are correct that, as a matter of law, appraisals and loan to value ratios are opinions, and not representations of fact. In this case, plaintiff does not complain that the appraisals and loan to value ratios were incorrect but complains that there were no real appraisals done and that this resulted in the loan to value ratios projections being imaginary. Nonetheless, the plaintiff does not need to prove their case in their *Amended Complaint* and the complaint does, in fact, allege an actionable cause of action.

The elements of the tort of negligent misrepresentation are set out in Restatement (Second) of Torts § 552 (1977), as follows:

> "One who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Nicoll v. Community State Bank*, 529 N.E.2d 386, 391 (Ind. App. 4th Dist. 1988).

Defendants characterize Plaintiff's claims as resting upon excessive exceptions to the underwriting guidelines. It is undisputed that the possibility of deviations from the underwriting guidelines were disclosed to buyers of the certificates. Plaintiff asserts that its claims are based upon abject abandonment of underwriting guidelines, which is substantially different than

6

Defendants' characterizations. In fact, Defendants argue that the Plaintiff's claim is that the originators did not rigidly follow all aspects of the underwriting guidelines, which is an inaccurate statement of the pleading. Defendants also argue that Plaintiffs have used information which is four years post-purchase to support their claims. Obviously, the underwriting practices were performed pre-purchase and so it would be impossible to ever plead a negligent misrepresentation case without reliance on actual underwriting procedure information and other facts to be elicited through discovery.

In the cases which Defendants acknowledge the trial court permitted the case to go beyond the pleading stage, Defendants contend the trial court did not sufficiently weigh that the Banks were not mere passive investors in RMBS, but were deeply involved in all aspects of the residential mortgage market. Defendants have confused the requirement of notice pleading with ultimate success on the merits.

Defendants have correctly stated the law with regard to inactionable claims of misrepresentation when the predicate statements are opinions, not fact. However, as argued by the Plaintiff and accepted by this court, the allegations of the *Amended Complaint* go beyond predicate statements of opinion and cite to predicate statements of underwriting standards and practices which are alleged to have been deserted. Again, this is a notice pleading state.

This same result is true as to allegations of the procedures associated with the assignment and transfer of notes to the trusts that issued the certificates, due diligence on the mortgage pools, and the other similar arguments. Defendants contend that there are no facts in the *Amended Complaint* which substantiate the claims made. Defendants strenuously argue that the Plaintiff cannot prevail. The existence of facts to support the claims have yet to be determined, after opportunity for discovery. The lack of factual substantiation in the *Amended Complaint* for the claims is not grounds for dismissal of the case. Therefore, the Court denies Defendants' *Motion to Dismiss* Plaintiff's negligent misrepresentation claims.

The Defendants' *Motion to Dismiss* contends that Plaintiff's *Amended Complaint* failed to state a claim for control person liability pursuant to Section 15 of the Securities Act of 1933. Section 15 of the Securities Act of 1933 provides:

> "Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under Section 11 or Section 12, shall also be liable jointly and

7

severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist." 15 U.S.C. § 77o.

Likewise, Defendants contend that the Plaintiff has failed to sufficiently plead the elements of control person liability under the Indiana securities laws, specifically pursuant to Ind. Code § 23-19-5-9:

> (d) The following persons are liable jointly and severally with and to the same extent as persons liable under subsections (a) through (c):
> (1) A person that directly or indirectly controls a person liable under subsections (a) and (b), unless the controlling person sustains the burden of proof that the controlling person did not know, and in the exercise of reasonable care could not have known, of the existence of the conduct by reason of which the liability is alleged to exist.
> (2) An individual who is a managing partner, executive officer, or director of a person liable under subsections (a) through (c), including an individual having a similar status or performing similar functions, unless the individual sustains the burden of proof that the individual did not know, and in the exercise of reasonable care could not have known, of the existence of conduct by reason of which the liability is alleged to exist.
> (3) An individual who is an employee of or associated with a person liable under subsections (a) through (c) and who materially aids the conduct giving rise to the liability, unless the individual sustains the burden of proof that the individual did not know, and in the exercise of reasonable care could not have known, of the existence of conduct by reason of which the liability is alleged to exist.
> (4) A person that is a broker-dealer, agent, investment adviser, or investment adviser representative that materially aids the conduct giving rise to the liability under subsections (a) through (c), unless the person sustains the burden of proof that the person did not know, and in the exercise of reasonable care could not have known, of the existence of conduct by reason of which liability is alleged to exist.

Defendants assert that the complaint relies on "conclusory allegations" and fails to allege specific facts demonstrating "how any of the alleged control persons actually exercises control over the operations of any of the Defendants they are alleged to control." However, plaintiff does set forth that all of the listed defendants are vertically integrated and interlocked. Plaintiff's *Amended Complaint* further states that the defendants are integrated through stock ownership, agency, or otherwise, within the meaning of Section 15 of the 33 Act. Plaintiff need not list how

8

the controlling party actually exercises control over the operations of the defendants. Rather, in order to defeat the *Motion to Dismiss*, Plaintiff need only assert that the controlling persons are those in direct or indirect control of a person liable. *Kirchoff v. Selby*, 703 N.E.2d at 653 (Ind. 1998). Actual instances of control over the operations of any of the Defendants can be further explored via discovery.

In addition, plaintiff connects each defendant by alleging that each defendant was frequently a party to the various agreements and that the agreements were between vertically integrated entities. In addition, the agreements were signed on behalf of the same officer or director. Indiana law, unlike the Securities Act of 1933 (which imposes liability on only the seller and controlling persons), provides for derivative liability of directors regardless of whether the director or alternative party had a direct role in the transaction. *Lean v. Reed*, 876 N.E.2d 1104, 1109 (Ind. 2007). Connecting each defendant through a common director and controlling party, plaintiff has set forth and pled an underlying violation of the state and federal securities act. The *Motion to Dismiss* is denied as to claims of control person liability.

Dated: July 3, 2012

Robyn L. Moberly, Judge
Marion Superior Court, Civil Division 5

*Distribution to all counsel of record*

9