SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

———

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER                                                                                        E-MAIL ADDRESS
(212) 455-3073                                                                                            afrankel@stblaw.com

FILED VIA ECF                                         October 11, 2013

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

        Re: *FDIC v. Bear Stearns Asset-Backed Sec. I LLC, et al.*, No. 12 Civ. 4000
           (LTS) (MHD)

Dear Judge Swain:

      We represent defendants Bear Stearns Asset Backed Securities I LLC, The Bear Stearns Companies LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., RBS Securities Inc., and UBS Securities LLC in the above-captioned action.  We write on behalf of all Defendants in response to Mark Holton's letter of October 8, 2013, on behalf of his client the Federal Deposit Insurance Corporation ("FDIC") requesting a pre-motion conference to address a motion the FDIC wishes to file to vacate this Court's order of August 15, 2012 (the "Order").  By that Order, this Court recognized that the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(b)(1) (the "PSLRA Stay"), is in effect during the Court's consideration of Defendants' Joint Motion to Dismiss.  Defendants respectfully request that the FDIC's application be denied and that the Court adjourn the October 25 scheduling conference until after the Court rules on the pending Motion to Dismiss.

      As an initial matter, there is no need for a pre-motion conference because the FDIC's requested motion would be untimely.  The FDIC sought to avoid the PSLRA Stay over a year ago, and its belated application is in substance a motion for reconsideration.  Local Civil Rule 6.3 requires that notice of a motion for reconsideration be served within fourteen (14) days after entry of the order, and the FDIC's current application, which simply makes a new legal argument, is clearly untimely.  Indeed, the FDIC principally relies on a ruling in another case (addressed further below) dated August 17, <u>2012</u>, well within the 14-day period in which the FDIC could have sought reconsideration of this Court's August 15, 2012 Order.

      In any event, the FDIC's arguments are unpersuasive.  The Court's prior Order correctly found that the PSLRA Stay applies to this action.  The relevant provision of

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain        -2-                    October 11, 2013

the PSLRA plainly states: "in any private action arising under [the 1933 Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 77z-1(b)(1). Previously, the FDIC argued that the Court's Pilot Project for Case Management Techniques of Complex Civil Cases somehow trumped the PSLRA. The FDIC now contends that this action should not be considered a "private action" because the FDIC is a federal agency. Putting aside the fact that the FDIC could have made this same argument a year ago, the fact that the FDIC is a federal agency has no bearing on whether the complaint asserts a private action. The securities laws distinguish between public enforcement actions and private actions like the instant action. In contrast to private actions, Congress expressly authorized the Securities Exchange Commission ("SEC") to bring enforcement actions for injunctive and other relief to vindicate the public interest in enforcing applicable securities laws. *See*, *e.g*., *S.E.C. v. Gruss*, 859 F. Supp. 2d 653, 661 (S.D.N.Y. 2012) (discussing private and public enforcement actions); *see also S.E.C. v. Rind*, 991 F.2d 1486, 1491 (9th Cir. 1993) (SEC enforcement actions "vindicate[] public rights and further[] the public's interest"); *S.E.C. v. Prater*, 296 F. Supp. 2d 210, 215 (D. Conn. 2003) ("Congress designated the SEC as 'the primary enforcement agency for the securities laws.'" (quoting *S.E.C. v. Rana Research, Inc.,* 8 F.3d 1358, 1364 (9th Cir. 1993))).

Here, in contrast, the FDIC is not bringing a public enforcement action. Indeed, the FDIC has no ability to bring such an action as the FDIC, unlike the SEC, has not been authorized by Congress to police the securities markets or enforce the securities laws. Rather, the FDIC, in its capacity as receiver for two private banks, Citizens National Bank and Strategic Capital Bank, has brought exclusively *private* Securities Act claims against Defendants seeking damages as private purchasers of securities.[1] As receiver for these private banks, the FDIC "steps into the shoes" of the failed entities, "obtaining the rights 'of the depository institution' that existed prior to receivership." *O'Melveny & Meyers v. FDIC*, 512 U.S. 79, 85-86 (1994) (interpreting 15 U.S.C. § 1821(d)(2)(A)(i), which sets forth duties and powers of the FDIC as receiver or conservator) (internal citations omitted); *see also AG Route Seve P'ship v. United States*, 57 Fed. Cl. 521, 534 (2003) (finding that the Court of Federal Claims lacked jurisdiction over shareholders' claims against a failed institution in FDIC receivership because "the FDIC's attendant role herein [as receiver] is tantamount to that of a private party, and not the government per se").[2] Thus, other courts have recognized that the PSLRA Stay applies during the pendency of a motion to dismiss in actions brought by federal agencies. For example, in the sixteen securities actions brought in this District by

---

[1]  The SEC could not even bring the claims the FDIC has asserted here because they are private causes of action that accrue solely to purchasers of securities—not to government agencies with regulatory enforcement authority. *See* 15 U.S.C. §§ 77k, 15 U.S.C. 77*l*(a)(2).

[2]  The FDIC itself recognizes that "[t]he FDIC as receiver is functionally and legally separate from the FDIC acting in its corporate role as deposit insurer . . . ." FDIC Resolution Handbook, ch. 7, at 70, *available at* http://www.fdic.gov/bank/historical/reshandbook/ch7 recvr.pdf; *see also O'Melveny & Meyers*, 512 U.S. at 85 ("the FDIC is not the United States").

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain      -3-      October 11, 2013

the Federal Housing Finance Agency ("FHFA"), Judge Cote recognized that the PSLRA stayed discovery pending resolution of the first-filed motion to dismiss.[3]

      The FDIC's reliance on *Federal Housing Finance Agency v. Royal Bank of Scotland Group*, Civ. No. 3:11-cv-01383, 2012 WL 3580522 (D. Conn. Aug. 17, 2012) ("*FHFA*"), and *National Credit Union Administration Board as Liquidating Agent of W. Corp. Fed. Credit Union v. RBS Securities*, 11-cv-5885-GW (JEMx) (C.D. Cal.) slip op. ("*NCUA*"), is misplaced.  In *FHFA*, the court incorrectly likened FHFA's role of conservator to that of the SEC, concluding that because courts have found securities actions brought by the SEC to be exempt under the PSLRA, securities actions brought by the FHFA similarly should be exempt.  *FHFA*, 2012 WL 3580522, at *2-4.  However, neither the FHFA, nor the FDIC, is analogous to the SEC because they are not charged with the responsibility of protecting the investing public by "policing the securities markets and preventing fraud."  *Gruss*, 859 F. Supp. 2d at 661.  Nor do they have the power to bring enforcement actions against violators of the securities laws (*i.e.*, public actions), as noted above.  Rather, both the FHFA and FDIC are empowered only to bring *private* causes of action as conservator (in the case of FHFA) or as receiver (in the case of FDIC) that accrue solely to private purchasers of securities.  *See* 15 U.S.C. §§ 77k, 77*l*(a)(2).  Likewise, the *NCUA* decision is not supported by any persuasive logic or authority, and simply follows the Connecticut *FHFA* decision.[4]  The fact that the FDIC is a federal agency, or has receivership powers, is tax exempt, or is exempt from fines or penalties, *see* FDIC's October 8 Letter at 3, is simply irrelevant and does not transform this action from a private action to a public enforcement action.  Neither the *FHFA* nor *NCUA* decision is binding on this Court; they are contrary to the weight of authority in this District and provide no persuasive reason for this Court to vacate its August 15, 2012 Order.

      Other than its new legal argument, which could have been made a year ago, the FDIC offers no rationale for the Court to vacate its prior order.  Although the PSLRA explicitly allows parties to obtain relief from a stay when necessary upon a showing "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party," 15 U.S.C. § 77z-1(b)(1), these are "narrow statutory exceptions" allowing only limited discovery upon a case-specific showing of necessity.  *Kuriakose v. Fed. Home Loan Mortg. Corp.*, 674 F. Supp. 2d 483, 488 (S.D.N.Y. 2009) (citations and quotations omitted).  *See also Rampersad v. Deutsche Bank Sec. Inc.,* 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003)

---

[3]    The following RMBS cases brought by the FHFA are currently pending in the Southern District of New York:  11 Civ. 5201 (DLC), 11 Civ. 6188 (DLC), 11 Civ. 6189 (DLC), 11 Civ. 6190 (DLC), 11 Civ. 6192 (DLC), 11 Civ. 6193 (DLC), 11 Civ. 6195 (DLC), 11 Civ. 6198 (DLC), 11 Civ. 6200 (DLC), 11 Civ. 6201 (DLC), 11 Civ. 6202 (DLC), 11 Civ. 6203 (DLC), 11 Civ. 6739 (DLC), 11 Civ. 6916 (DLC), 11 Civ. 7010 (DLC), 11 Civ. 7048 (DLC).

[4]    The *NCUA* court's observation, however, that it was "skeptical of NCUA's excuse for why it ever waited to commence discovery in this case if it truly believed in its argument that this is not a 'private action' within the meaning of [the PSLRA]," Order, at 1, applies equally here.

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain    -4-    October 11, 2013

(Swain, J); *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) (Notwithstanding "compelling policy arguments for permitting discovery" in a particular case, a court "is not at liberty to rewrite the [PSLRA] to reflect a meaning it deems more desirable.") (internal citations, quotations, and emendations omitted).  Notably, the FDIC has not even attempted to make such a showing.

Finally, even if the PSLRA Stay did not apply, in the interests of judicial economy, the Order staying discovery should remain in effect until resolution of Defendants' Motion to Dismiss.  *See* Fed. R. Civ. P. 26(c); *Johnson v. New York Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting the defendant's request for a stay of discovery pending resolution of the motion to dismiss "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery").  Defendants' Motion to Dismiss raises significant threshold issues that may moot or significantly reduce the scope of discovery in this action.  Therefore, any ruling concerning discovery should be reserved until after a ruling on the these issues.

For the foregoing reasons, Defendants respectfully request that the Court decline the FDIC's invitation to revisit the August 15, 2012 Order.  In addition, in view of the discovery stay and the pendency of the Motion to Dismiss, Defendants respectfully request that the Court adjourn the October 25 scheduling conference and that the conference be rescheduled promptly following the Court's ruling on the Motion to Dismiss.

Respectfully submitted,

*/s/ Andrew T. Frankel*

Andrew T. Frankel

cc:    All counsel (*via ECF*)