1211 Avenue of the Americas    212 755 0100
New York, New York 10036       graisellsworth.com

**GRAIS & ELLSWORTH LLP**

Mark B. Holton
212 755 5693
mholton@graisellsworth.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **OCT 17 2013**

October 8, 2013

By Facsimile

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    *Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC, et al., No. 12 Civ. 4000 (LTS)*

Dear Judge Swain:

    We represent the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank (FDIC or plaintiff). Pursuant to Paragraphs A.1 and A.2 of the Motion Procedures of the Standing Order of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York, the FDIC respectfully requests that the Court schedule a pre-motion conference to address a motion the FDIC seeks to file to vacate the Court's order of August 15, 2012.

    The August 15 order imposed a stay of the case based upon the Private Securities Litigation Reform Act (PSLRA). After the order was issued, however, in *Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation v. Royal Bank of Scotland Group PLC*, Civ. No. 3:11-cv-01383(AWTR), 2012 WL 3580522 at **2-4 (D. Conn. August 17, 2012) (the FHFA Action), the court issued a decision that is squarely on point here. In that case, a federal regulatory agency, the Federal Housing Finance Agency (FHFA), acting as conservator for Fannie Mae and Freddie Mac (both private corporations), brought a suit under the federal securities laws against various defendants. *Id.* at *1. The FHFA moved to commence discovery. *Id.* The defendants argued that the PSLRA prohibited discovery until after a determination of defendants' motion to dismiss. *Id.* The court disagreed. *Id.* at **2-5. It discussed its reasoning in detail:

> Congress enacted the PSLRA to address a perceived need to deter strike suits wherein opportunistic private plaintiffs file securities fraud claims of dubious merit in order to exact large settlement recoveries.

GRAIS & ELLSWORTH LLP

Hon. Laura T. Swain
October 8, 2013
Page 2

> The plaintiff observes, correctly, that these concerns are not implicated here. In this case, the plaintiff is a government agency, not a private party.... [The] FHFA is bringing this action pursuant to its Congressional authorization... to pursue claims as conservator for Fannie Mae and Freddie Mac....
>
> The material distinction for purposes of determining whether an action is a "private action" under the PSLRA is the nature of the plaintiff, not the nature of the causes of action....
>
> Th[is] conclusion is consistent with the fact that during the period since the [Housing and Economic Recovery Act of 2008 (HERA)] established the FHFA, courts have noted how the HERA afforded the FHFA with several tools unavailable to private litigants. For example, Congress explicitly provided a taxation exemption to the FHFA when acting as conservator.... Congress also exempted the FHFA, when acting as conservator, from any penalties and fines.
>
> The defendants also argue... that "[w]hen a federal agency files suit in its capacity as conservator or receiver of a regulated entity, it steps into the regulated entity's shoes." However, the fact that a federal agency has stepped into the shoes of a person who would be a private plaintiff does not convert the federal agency into a private plaintiff and the action into a "private action...." It simply makes it a federal agency standing in the shoes of a person who would be a private plaintiff.
>
> Therefore, the court concludes that the FHFA's suit here is not a "private action" under the PSLRA.

*Id.* at \*\*2-4 (citations and quotation marks omitted) (also noting that no court may restrain or affect the exercise of powers or functions of the FHFA as a conservator).

Recently, a court sitting in the United States District Court for the Central District of California followed the decision in the FHFA Action in a suit brought by the National Credit Union Administration Board as liquidating agent of the Western Corporate Federal Credit Union. (NCUA).[1] *See National Credit Union Administration Board as Liquidating Agent of W. Corp. Fed. Credit Union v. RBS Securities, et al.*, 11-cv-5885-GW(JEMx) (C.D. Cal.) slip op. (attached hereto as Exhibit A). Noting that the FHFA Action was "like this case," the California federal court determined that the same considerations that

---

[1] The NCUA is an agency of the Executive Branch of the United States Government that, among other things, charters and regulates federal credit unions and manages the National Credit Union Stabilization Fund, which insures the deposits of all federal credit unions. *See Federal Credit Union Act*, 12 U.S.C. §§ 1751, 1752(a). The NCUA Board has the authority to place credit unions into conservatorship or to effect their liquidation. 12 U.S.C. §§ 1766(a), 1787 (a)(1)(A), 1787(b)(2)(A).

GRAIS & ELLSWORTH LLP

Hon. Laura T. Swain
October 8, 2013
Page 3

the District of Connecticut court found persuasive in the FHFA Action applied equally to the NCUA. Slip op. at 2.

Like the FHFA and the NCUA, the Federal Deposit Insurance Corporation is a regulatory agency of the federal government. *See generally* 12 U.S.C. § 1821. It, too, has the power to place a regulated entity into conservancy or receivership for the purpose of reorganizing, rehabilitating or winding up the affairs of the entity. 12 U.S.C. § 1821(c); 12 U.S.C. § 1821(d). It, too, has tax exempt status when acting as a receiver. 12 U.S.C. § 1825(b)(1). It, too, is exempt from fines or penalties when acting as a receiver. 12 U.S.C. § 1825(b)(3). And as with the FHFA, no court may restrain or affect the exercise of the Federal Deposit Insurance Corporation's powers or functions as a receiver. 12 U.S.C. § 1821(j).

In every particular that the courts in the FHFA Action and NCUA Action considered relevant, the FDIC's status and profile are substantively identical to that of the two other federal agencies. As in those cases, the FDIC is not a private plaintiff seeking to extort a substantial settlement based upon the filing of a frivolous complaint. It is a government agency exercising its Congressional authority to bring this suit. The losses for which the FDIC is suing have resulted from the failure of financial institutions, such as Strategic Capital Bank and Citizens National Bank, caused at least in part by the purchase of residential mortgage-backed securities based upon materially false or misleading disclosures. The automatic stay does not apply.

For these reasons, the FDIC requests that the Court schedule a pre-motion conference on its proposed motion to vacate the August 15 order. The FDIC respectfully suggests that the conference be held on October 25, 2013, the date for which a status conference already has been scheduled.

Thank you for your consideration.

Respectfully,

*/s/ Mark B. Holton*

Mark B. Holton

cc: All Counsel of Record (by email) (with attachment)

*[Handwritten order:]* As the contemplated motion practice is merely an untimely request for reconsideration, the requested pre-motion conference is denied. The October 25, 2013, conference is adjourned, in light of the pending motion practice, to January 17, 2014, at 10:30 AM.

**SO ORDERED:**

*/s/* 10/17/13
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

10/08/2013 14:15 FAX 2127550052     GRAIS & ELLSWORTH LLP                     ☒005
Case 1:12-cv-04000-LTS   Document 100   Filed 10/17/13   Page 4 of 7

Case 2:11-cv-05887-GW-JEM   Document 201   Filed 09/26/13   Page 1 of 4   Page ID #:3347

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 11-5887-GW(JEMx) | Date  September 26, 2013 |
| Title | *National Credit Union Administration Board v. RBS Securities, Inc., et al.* | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Kane Tien | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Wan J. Kim                                              Barbara S. Steiner
                                                        Kelly Morrison
                                                        Alex Pilmer

**PROCEEDINGS:**   **PLAINTIFF'S MOTION TO BEGIN DISCOVERY (filed 08/21/13)**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling.

The Court sets a Scheduling Conference is set for **October 21, 2013 at 8:30 a.m.** A Joint 26(f) Report shall be filed with the Court not later than noon on October 15, 2013. See Civil L.R. 26-1.

EXHIBIT A

:     16

Initials of Preparer  KTI

*Nat'l Credit Union Admin. Bd., as Liquidating Agent of W. Corp Fed. Credit Union v. RBS Secs., Inc., et al.*, Case No. CV-11-5887
Tentative Ruling on Plaintiff's Motion to Begin Discovery

The National Credit Union Administration Board, as Liquidating Agent of Western Corporate Federal Credit Union ("the NCUA") moves for permission to begin discovery in this securities action arising out of the purchase of residential mortgage-backed securities.[1] NCUA argues that the Court should permit it to commence discovery now because: a) even though a further amended complaint has been filed, the Court has already upheld the validity of its claims insofar as most of the certificates involved in this case are concerned; b) it will allow for coordination of discovery with the Goldman matter; and c) this case is not even a "private action" within the meaning of the Private Securities Litigation Reform Act ("PSLRA"), such that the PSLRA's provision for a stay of discovery is not even implicated. At a minimum, the NCUA asks for permission to start discovery with respect to those certificates for which the Court has already found sufficient allegations.

As the Court noted on September 5, 2013, *see* Docket No. 195, the last of these three arguments – the no "private action" argument – seems somewhat compelling (though, as the Court also noted that day, if it is valid it might leave one wondering why the NCUA waited at all before commencing or attempting to commence discovery). *See* 15 U.S.C. § 77z-1(b)(1) ("In any *private action* arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.") (emphasis added).[2] Although the Court remains somewhat skeptical of the NCUA's excuse for why it ever waited to commence discovery in this case if it truly believed in its

---

[1] The Court rejects the contention that the NCUA failed to abide by its meet and confer requirements under this District's Local Rules.

[2] The Court previously mistakenly cited to subparagraphs of 15 U.S.C. § 78u-4. As the NCUA notes, the correct statutory section for this action is 15 U.S.C. § 77z-1.

1

argument that this is not a "private action" within the meaning of subsection 77z-1(b)(1),[3] the NCUA is the only one of the parties to cite any case law bearing on this question. That case law – not surprisingly, given the party that presented it – favors the NCUA's reading of the statute. *See Fed. Housing Fin. Agency v. Royal Bank of Scotland Group PLC*, Civ. No. 3:11-cv-01383 (AWT), 2012 U.S. Dist. LEXIS 116292 (D. Conn. Aug. 17, 2012).

Like this case, in that case the District of Connecticut considered an argument that the Federal Housing Finance Agency ("FHFA"), acting as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), was merely standing in the shoes of private – though federally chartered – corporations Fannie Mae and Freddie Mac. *See id.* at *2-3. The court rejected the notion that those circumstances meant that the FHFA was still engaged in a "private action" within the meaning of the Securities Exchange Act's sister provision to subsection 77z-1(b)(1). *See id.* at *5-13. As part of its focus on "the nature of the plaintiff" instead of the nature of the cause(s) of action for purposes of determining the applicability of the "private action" limitations, *id.* at *8, 11-13, the court likened the FHFA to the Securities Exchange Commission, which courts had found was not subject to the "private action" requirements of the PSLRA, because both are independent federal agencies. *See id.* at *6-7. The same is true of the NCUA. *See* 12 U.S.C. § 1752a(a).

Given the District of Connecticut's decision, it would seem that RBS Securities Inc. and RBS Acceptance Inc. (collectively "RBS") have an uphill battle under 15 U.S.C. § 77z-1. They primarily argue – in the context of this particular argument – that the NCUA's position would contradict a position it took in communications with Congress about why it was not prohibited by an executive order from hiring contingency fee lawyers. As the NCUA explains in its Reply brief, however, the contractual-rights question the NCUA addressed in connection with the contingency-fee lawyer issue was fundamentally different than the pure issue of statutory interpretation involved here.

---

[3] The NCUA explains its wait as follows: "NCUA was aware that Defendants would disagree with beginning discovery before the Court ruled on the motions to dismiss, and attempted to avoid additional complexity by obtaining this Court's ruling on the sufficiency of the Complaint rather than pursue additional motions [*sic*] practice on the issue of when discovery should begin." Docket No. 196, at 1 n.2. The Court might ask the NCUA whether it has taken its current position in any of the other cases it is pursuing in other venues. The briefing before the Court suggests that it has not. *See* Docket No. 193, at 6 n.3.

2

10/08/2013 14:10 FAX 2127550052          GRAIS & ELLSWORTH LLP                    ☑008
Case 1:12-cv-04000-LTS   Document 100   Filed 10/17/13   Page 7 of 7

Case 2:11-cv-05887-GW-JEM   Document 201   Filed 09/26/13   Page 4 of 4   Page ID #:3350

Under a plain reading of "private action," the NCUA appears to have the better position.

Pending a further discussion of the issue at oral argument, therefore, the Court would be inclined to rule that the discovery stay provided in 15 U.S.C. § 77z-1 does not apply to this case. If the Court is persuaded otherwise, however, the NCUA's other two arguments for being allowed to proceed with discovery now do not hold up under pressure – the mere desire for coordination of discovery with another matter pending before this Court does not come close to the "undue prejudice" 15 U.S.C. § 77z-1 requires, and that legislation appears to allow no room for the type of "partial" stay the NCUA believes is appropriate given the Court's previous analysis of the bulk of the NCUA's allegations in this case.