SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

---

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3073

E-MAIL ADDRESS
afrankel@stblaw.com

BY HAND

July 22, 2014

Re: *FDIC v. Bear Stearns Asset-Backed Sec. I LLC., et al.*, No. 12 Civ. 4000 (LTS) (MHD)

The Honorable Laura Taylor Swain
United States Distrtict Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Dear Judge Swain:

      We write on behalf of all Defendants in light of the Supreme Court's recent decision in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014) (copy attached), a ruling that is directly relevant to Defendants' pending Motion to Dismiss the Amended Complaint. *Waldburger* held that an "extender statute" similar to the statute relied upon by Plaintiff in this action did not supplant applicable statutes of repose. If applied to this case, the holding of *Waldburger* would render all of Plaintiff's claims subject to dismissal with prejudice under the statute of repose contained in § 13 of the Securities Act of 1933 (the "1933 Act"). Defendants therefore respectfully request that the Court permit supplemental briefing concerning this issue, and restore to Defendants' Motion to Dismiss the statute of repose argument withdrawn by Defendants in light of Second Circuit authority now called into doubt by *Waldburger*. Defendants note that in *FDIC v. Chase Mortgage Finance Corp. et al.*, No. 12 Civ. 6166 (LLS) (MHD), another action brought by the FDIC on behalf of a failed bank, the court ordered briefing on defendants' motion for judgment on the pleadings on this very issue and stayed discovery during the pendency of the motion. Defendants filed their motion on July 3, 2014.[1]

---

[1] In *FDIC v. Chase Mortgage Finance Corp. et al.*, the defendants also temporarily withdrew their statute of repose argument, while expressly "reserv[ing] the right to reassert this argument at a later juncture" should the law be clarified. Judge Stanton issued his decision denying defendants' motion to dismiss on September 27, 2013. Accordingly, the defendants filed a motion for judgment on the pleadings.

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain                -2-                              July 22, 2014

By way of background, the FDIC, as receiver for Strategic Capital Bank and Citizens National Bank, asserts claims under § 11 and § 15 of the 1933 Act. Its claims are subject to the three-year statute of repose prescribed by § 13 of the 1933 Act, see 15 U.S.C. § 77m, which "is an absolute limitation [that] applies whether or not the investor could have discovered the violation." *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 103 (2d Cir. 2004). All of the FDIC's claims were brought between four and five years after the securities offerings at issue – well after the end of the three-year repose period.

The FDIC has argued that its claims nevertheless are timely by relying on the so-called "FDIC Extender Statute" enacted as part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). The FDIC Extender Statute provides that "the date on which the statute of *limitations* begins to run on any claim . . . shall be the later of (i) the date of the appointment of the [FDIC] as conservator or receiver [for a failed bank]; or (ii) the date on which the cause of action accrues." 12 U.S.C. § 1821(d)(14)(B) (emphasis added).

Defendants argued in their motion to dismiss that this language means what it says, *i.e.*, that it applies only to statutes of limitations, not statutes of repose, which "[u]nlike . . . statute[s] of limitations, . . . [are] not a limitation of a plaintiff's remedy, but rather define[] the right involved in terms of the time allowed to bring suit." *P. Stolz*, 355 F.3d at 102; *see also* Joint Mem. of L. in Supp. of Defs.' Mot. to Dismiss Am. Compl. (Dkt. #81) at 28-31. After briefing on Defendants' motion to dismiss was complete, the Second Circuit decided *Federal Housing Finance Agency v. UBS Americas Inc.*, 712 F.3d 136 (2d Cir. 2013), holding that a different extender statute applicable to the Federal Housing Finance Agency extends both statutes of limitation and statutes of repose. Based on the Second Circuit's decision, Defendants withdrew their statute of repose arguments while expressly "reserv[ing] the right to press those arguments" at a later date. Notice of Supp. Auth. In Supp. of Defs.' Mot. to Dismiss Am. Compl. (Dkt. #93) at 2.

The Supreme Court recently issued its decision in *Waldburger*, where it addressed an extender provision in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"). Like the FDIC Extender Statute, CERCLA alters the "statute of limitations" during which a civil action under state law may be brought. 42 U.S.C. § 9658(b)(2). The Supreme Court held that the CERCLA extender statute, with its reference to "statute of limitations", does not apply to state statutes of repose. The Court explained that, although "[s]tatutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts[,] . . . the time periods specified are measured from different points, . . . the statutes seek to attain different purposes and objectives[, and] [CERCLA] mandates a distinction between the two." *Waldburger*, 134 S. Ct. at 2182.

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain        -3-                    July 22, 2014

        The Supreme Court's reasoning as to the CERCLA extender provision applies equally to the extender provision at issue here and makes clear that all of the FDIC's claims are time-barred under the 1933 Act's statute of repose. Here, as in *Waldburger*, the FDIC Extender Statute refers to a "statute of limitations" but does not refer to a statute of repose. *See id.* at 2185 (finding it "instructive" that CERCLA uses the term "statute of limitations" four times, and never uses the term "statute[s] of repose"). Here, as in *Waldburger*, Congress used the singular term "statute of limitations," 12 U.S.C. § 1821(d)(14), not the plural term "statutes of limitations," and as the Supreme Court observed, a singular noun "would be an awkward way to mandate the pre-emption of two different time periods with two different purposes." *Waldburger*, 134 S. Ct. at 2186-87. Here, as in *Waldburger*, the statute was enacted in the 1980s, when, the Supreme Court noted, Congress certainly understood that statutes of limitations and statutes of repose are different. *See id.* at 2185-86. Indeed, the FDIC Extender Statute was enacted years after the relevant language in CERCLA, so the Supreme Court's conclusion applies with even greater force in the instant case. And here, as in *Waldburger*, the FDIC Extender Statute pegs "the date on which the statute of limitations begins to *run*" in part to "the date on which the cause of action *accrues*." 12 U.S.C. § 1821(d)(14)(B) (emphasis added). As the Supreme Court explained, such language "presupposes that [a cause of action] exists," whereas a statute of repose "can prohibit a cause of action from coming into existence." *Waldburger*, 134 S. Ct. at 2187. Further, the statute's reference to "accrual" would make no sense if it were meant to extend statutes of repose; as the Supreme Court observed, "[a] statute of repose . . . is not related to the accrual of any cause of action." *Id.* (internal quotation marks and citation omitted).

        Notably, the Supreme Court was squarely confronted with the issue of whether language that is materially identical to the FDIC Extender Statute applies to statutes of repose in a petition for certiorari in *Nomura Home Equity Loan v. National Credit Union Administration*. The Tenth Circuit had held there that a different extender statute enacted as part of FIRREA applies both to statutes of limitations and statutes of repose. On June 16, 2014, the Supreme Court granted certiorari, vacated the Tenth Circuit's decision, and remanded for further consideration in light of *Waldburger*. *See* 2014 WL 2675836.

        Because the FDIC's claims are time-barred under the reasoning of *Waldburger*, Defendants respectfully request that the Court set a schedule for supplemental briefing on Defendants' Motion to Dismiss and restore to Defendants' motion the statute of repose argument withdrawn by Defendants in light of the Second Circuit authority now superseded by *Waldburger*. Defendants have sought Plaintiff's consent with respect to a briefing schedule, but Plaintiff has informed Defendants that it intends to oppose Defendants' request for supplemental briefing. Defendants thank the Court for its consideration.

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain                -4-                July 22, 2014

> Respectfully submitted,
>
> *[signature]*
>
> Andrew T. Frankel

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

134 S.Ct. 2175
Supreme Court of the United States

CTS CORPORATION, Petitioner
v.
Peter WALDBURGER et al.

No. 13–339. | Argued April 23, 2014. | Decided June 9, 2014.

**Synopsis**
**Background:** Landowners brought action against electronics manufacturer that had previously operated a plant on or adjacent to their land, asserting state-law nuisance claims seeking reclamation of toxic chemical contaminants belonging to manufacturer, remediation of environmental harm caused by contaminants, and monetary damages. The United States District Court for the Western District of North Carolina, Graham C. Mullen, Senior District Judge, 2012 WL 380053, adopted the report and recommendation of Dennis L. Howell, United States Magistrate Judge, 2011 WL 7153937, and dismissed the complaint as barred by state statute of repose. Landowners appealed. The United States Court of Appeals for the Fourth Circuit, Floyd, Circuit Judge, 723 F.3d 434, reversed and remanded. Certiorari was granted.

**Holdings:** The Supreme Court, Justice Kennedy, held that:

[1] Comprehensive Environmental Response, Compensation, and Liability Act's (CERCLA) discovery rule preempts only state statutes of limitation and not statutes of repose, abrogating *McDonald v. Sun Oil Co.,* 548 F.3d 774; and

[2] CERCLA's discovery rule did not impliedly preempt state statutes of repose.

Court of Appeals reversed.

Justice Scalia filed opinion concurring in part and concurring in the judgment, in which Chief Justice Roberts, Justice Thomas, and Justice Alito joined.

Justice Ginsburg filed dissenting opinion, in which Justice Breyer joined.

West Headnotes (26)

**[1]** **Environmental Law**
⚷ Response and Cleanup; Liability

Congress enacted CERCLA to promote the timely cleanup of hazardous waste sites and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 101 et seq., 42 U.S.C.A. § 9601 et seq.

Cases that cite this headnote

**[2]** **Limitation of Actions**
⚷ Nature of statutory limitation

Statutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts.

Cases that cite this headnote

**[3]** **Limitation of Actions**
⚷ Nature of statutory limitation

Both statutes of limitations and statutes of repose can operate to bar a plaintiff's suit, and in each instance time is the controlling factor.

Cases that cite this headnote

**[4]** **Limitation of Actions**
⚷ Causes of action in general

In the ordinary course, a statute of limitations creates a time limit for suing in a civil case, based on the date when the claim accrued.

Case 1:12-cv-04000-LTS   Document 112   Filed 07/22/14   Page 6 of 18

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

Cases that cite this headnote

[5]   **Limitation of Actions**
🗝Injuries to person
**Limitation of Actions**
🗝Injuries to property in general
**Limitation of Actions**
🗝Injuries to the Person
**Limitation of Actions**
🗝Injuries to property

A claim accrues in a personal-injury or property-damage action, for statute of limitations purposes, when the injury occurred or was discovered.

Cases that cite this headnote

[6]   **Limitation of Actions**
🗝Causes of action in general
**Limitation of Actions**
🗝Operation as to rights or remedies in general

A "statute of repose" puts an outer limit on the right to bring a civil action, which is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant.

Cases that cite this headnote

[7]   **Limitation of Actions**
🗝Operation as to rights or remedies in general

A statute of repose bars any suit that is brought after a specified time since the defendant acted, such as by designing or manufacturing a product, even if this period ends before the plaintiff has suffered a resulting injury.

Cases that cite this headnote

[8]   **Limitation of Actions**
🗝Causes of action in general
**Limitation of Actions**
🗝In general; what constitutes discovery

The statute of repose limit is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered.

Cases that cite this headnote

[9]   **Limitation of Actions**
🗝Operation as to rights or remedies in general

A statute of repose provision is equivalent to a cutoff, in essence an absolute bar on a defendant's temporal liability.

Cases that cite this headnote

[10]  **Limitation of Actions**
🗝Nature of statutory limitation

Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims.

Cases that cite this headnote

[11]  **Limitation of Actions**
🗝Nature of statutory limitation

Statutes of limitations promote justice by preventing surprises through plaintiffs' revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.

Cases that cite this headnote

Case 1:12-cv-04000-LTS   Document 112   Filed 07/22/14   Page 7 of 18

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

[12] **Limitation of Actions**
🗝Operation as to rights or remedies in general

Statutes of repose encourage plaintiffs to bring actions in a timely manner, and for many of the same reasons as statutes of limitations, but the rationale has a different emphasis, as statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time.

Cases that cite this headnote

[13] **Limitation of Actions**
🗝Operation as to rights or remedies in general

Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability.

Cases that cite this headnote

[14] **Limitation of Actions**
🗝Suspension or stay in general; equitable tolling

Statutes of limitations, but not statutes of repose, are subject to "equitable tolling," a doctrine that pauses the running of, or tolls, a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.

Cases that cite this headnote

[15] **Limitation of Actions**
🗝Suspension or stay in general; equitable tolling

Statutes of repose generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control. Restatement (Second) of Torts § 899.

Cases that cite this headnote

[16] **Limitation of Actions**
🗝Suspension or stay in general; equitable tolling

Equitable tolling is applicable to statutes of limitations because their main thrust is to encourage the plaintiff to pursue his rights diligently, and when an extraordinary circumstance prevents him from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose.

Cases that cite this headnote

[17] **Limitation of Actions**
🗝Suspension or stay in general; equitable tolling
**Limitation of Actions**
🗝Operation as to rights or remedies in general

A statute of repose is a judgment that defendants should be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.

Cases that cite this headnote

[18] **Statutes**
🗝Operation and Effect

No legislation pursues its purposes at all costs.

Cases that cite this headnote

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

[19]  **Statutes**
🔑 Language and intent, will, purpose, or policy

Congressional intent is discerned primarily from the statutory text.

Cases that cite this headnote

[20]  **Limitation of Actions**
🔑 Operation as to rights or remedies in general

A statute of repose mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued, and thus, a statute of repose can prohibit a cause of action from coming into existence.

Cases that cite this headnote

[21]  **Limitation of Actions**
🔑 Operation as to rights or remedies in general

A statute of repose can be said to define the scope of the cause of action, and therefore the liability of the defendant.

Cases that cite this headnote

[22]  **Limitation of Actions**
🔑 Validity of Statutes
**States**
🔑 Particular cases, preemption or supersession

CERCLA's discovery rule, under which statutes of limitations in actions brought under state law for personal injury or property damage arising from the release of a hazardous substance, pollutant, or contaminant into the environment begin to run when a plaintiff discovers, or reasonably should have discovered, that the harm in question was caused by the contaminant, preempts only state statutes of limitations that are in conflict with its terms, and it does not preempt state statutes of repose;

abrogating *McDonald v. Sun Oil Co.,* 548 F.3d 774. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 309, 42 U.S.C.A. § 9658.

Cases that cite this headnote

[23]  **Limitation of Actions**
🔑 Operation as to rights or remedies in general

A statute of repose may preclude an alleged tortfeasor's liability before a plaintiff is entitled to sue, before an actionable harm ever occurs.

Cases that cite this headnote

[24]  **Limitation of Actions**
🔑 Validity of Statutes
**States**
🔑 Particular cases, preemption or supersession

CERCLA's discovery rule, under which statutes of limitations in actions brought under state law for personal injury or property damage arising from the release of a hazardous substance, pollutant, or contaminant into the environment begin to run when a plaintiff discovers, or reasonably should have discovered, that the harm in question was caused by the contaminant, did not impliedly preempt state statutes of repose; statutes of repose did not pose an unacceptable obstacle to the attainment of purposes of CERCLA, which did not provide a complete remedial framework, but instead left untouched States' judgments about causes of action, the scope of liability, the duration of the period provided by statutes of limitations, burdens of proof, rules of evidence, and other important rules governing civil actions. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 309, 42 U.S.C.A. § 9658.

Cases that cite this headnote

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.    4

Case 1:12-cv-04000-LTS   Document 112   Filed 07/22/14   Page 9 of 18

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

[25]  **Environmental Law**
🔑Response and Cleanup;  🔑Liability

CERCLA does not provide a general cause of action for all harm caused by toxic contaminants. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 101 et seq., 42 U.S.C.A. § 9601 et seq.

Cases that cite this headnote

[26]  **States**
🔑Congressional intent

The case for federal pre-emption of state law is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to stand by both concepts and to tolerate whatever tension there is between them.

Cases that cite this headnote

**\*2178** *Syllabus*[*]

Federal law pre-empts state-law statutes of limitations in certain tort actions involving personal injury or property damage arising from the release of a hazardous substance, pollutant, or contaminant into the environment. 42 U.S.C. § 9658. Petitioner CTS Corporation sold property on which it had stored chemicals as part its operations as an electronics plant. Twenty-four years later, respondents, the owners of portions of that property and adjacent landowners, sued, alleging damages from the stored contaminants. CTS moved to dismiss, citing a state statute of repose that prevented subjecting a defendant to a tort suit brought more than 10 years after the defendant's last culpable act. Because CTS's last act occurred when it sold the property, the District Court granted the motion. Finding § 9658 ambiguous, the Fourth Circuit reversed, holding that the statute's remedial purpose favored pre-emption.

*Held* : The judgment is reversed.

723 F.3d 434, reversed.

Justice KENNEDY delivered the opinion of the Court

with respect to all but Part II–D, concluding that § 9658 does not pre-empt state statutes of repose. Pp. 2182 – 2188.

(a) The outcome here turns on whether § 9658 distinguishes between statutes of limitations and statutes of repose, which are both used to limit the temporal extent or duration of tort liability. There is considerable common ground in the policies underlying the two, but their specified time periods are measured differently and they seek to attain different purposes and objectives. Statutes of limitations are designed to promote justice by encouraging **\*2179** plaintiffs to pursue claims diligently and begin to run when a claim accrues. Statutes of repose effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time and are measured from the date of the defendant's last culpable act or omission. The application of equitable tolling underscores their difference in purpose. Because a statute of limitations' purpose is not furthered by barring an untimely action brought by a plaintiff who was prevented by extraordinary circumstances from timely filing, equitable tolling operates to pause the running of the statute. The purpose of statutes of repose are unaffected by such circumstances, and equitable tolling does not apply. Pp. 2182 – 2183.

(b) The text and structure of § 9658 resolve this case. Under that provision, pre-emption is characterized as an "[e]xception," § 9658(a)(1), to the regular rule that the "the statute of limitations established under State law" applies. The "applicable limitations period," the "commencement date" of which is subject to pre-emption, is defined as "the period specified in a statute of limitations." § 9658(b)(2). That term appears four times, and "statute of repose" does not appear at all. While it is apparent from the historical development of the two terms that their general usage has not always been precise, their distinction was well enough established to be reflected in the 1982 Study Group Report that guided § 9658's enactment, acknowledged the distinction, and urged the repeal of both types of statutes. Because that distinction is not similarly reflected in § 9658, it is proper to conclude that Congress did not intend to pre-empt statutes of repose.

Other textual features further support this conclusion. It would be awkward to use the singular "applicable limitations period" to mandate pre-emption of two different time periods with two different purposes. And the definition of that limitations period as "the period" during which a "civil action" under state law "may be brought," § 9658(b)(2), presupposes that a civil action exists. A statute of repose, in contrast, can prohibit a

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

cause of action from ever coming into existence. Section 9658's inclusion of a tolling rule also suggests that the statute's reach is limited to statutes of limitations, which traditionally have been subject to tolling. Respondents contend that § 9658 also effects an implied pre-emption because statutes of repose create an obstacle to Congress' purposes and objectives, see Wyeth v. Levine, 555 U.S. 555, 563–564, 129 S.Ct. 1187, 173 L.Ed.2d 51. But the level of generality at which the statute's purpose is framed affects whether a specific reading will further or hinder that purpose. Here, where Congress chose to leave many areas of state law untouched, respondents have not shown that statutes of repose pose an unacceptable obstacle to the attainment of statutory purposes. Pp. 2184 – 2188.

KENNEDY, J., delivered the opinion of the Court, except as to Part II–D. SOTOMAYOR, and KAGAN, JJ., joined that opinion in full, and ROBERTS, C.J., and SCALIA, THOMAS, and ALITO, JJ., joined as to all but Part II–D. SCALIA, J., filed an opinion concurring in part and concurring in the judgment, in which ROBERTS, C.J., and THOMAS and ALITO, JJ., joined. GINSBURG, J., filed a dissenting opinion, in which BREYER, J., joined.

**Attorneys and Law Firms**

Brian J. Murray, Chicago, IL, for Petitioner.

Joseph R. Palmore, for the United States as amicus curiae, by special leave of the Court, supporting the petitioner.

**\*2180** John J. Korzen, Winston–Salem, NC, for Respondents.

E. Thomison Holman, Adams Hendon Carson, Crow & Saenger, P.A., Asheville, NC, Richard M. Re, Jones Day, Washington, DC, Brian J. Murray, Counsel of Record, Michael F. Dolan, Dennis Murashko, Jones Day, Chicago, IL, for Petitioner.

Allison M. Zieve, Public Citizen Litigation Group, Washington, DC, John J. Korzen, Counsel of Record, Wake Forest University School of Law, Appellate Advocacy Clinic, Winston–Salem, NC, for Respondents.

**Opinion**

Justice KENNEDY delivered the opinion of the Court, except as to Part II–D.

The Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 94 Stat. 2767, as amended, 42 U.S.C. § 9601 et seq., contains a provision that by its terms pre-empts statutes of limitations applicable to state-law tort actions in certain circumstances. § 9658. Section 9658 applies to statutes of limitations governing actions for personal injury or property damage arising from the release of a hazardous substance, pollutant, or contaminant into the environment.

Section 9658 adopts what is known as the discovery rule. Under this framework, statutes of limitations in covered actions begin to run when a plaintiff discovers, or reasonably should have discovered, that the harm in question was caused by the contaminant. A person who is exposed to a toxic contaminant may not develop or show signs of resulting injury for many years, and so Congress enacted § 9658 out of concern for long latency periods.

It is undoubted that the discovery rule in § 9658 pre-empts state statutes of limitations that are in conflict with its terms. The question presented in this case is whether § 9658 also pre-empts state statutes of repose.

A divided panel of the Court of Appeals for the Fourth Circuit held that § 9658 does pre-empt statutes of repose. That holding was in error, and, for the reasons that follow, the judgment of the Court of Appeals must be reversed.

**I**

[1] Congress enacted CERCLA in 1980 "to promote ' "the timely cleanup of hazardous waste sites" ' and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination." *Burlington N. & S.F.R. Co. v. United States,* 556 U.S. 599, 602, 129 S.Ct. 1870, 173 L.Ed.2d 812 (2009) (quoting *Consolidated Edison Co. of New York v. UGI Utilities, Inc.,* 423 F.3d 90, 94 (C.A.2 2005)). The Act provided a federal cause of action to recover costs of cleanup from culpable entities but not a federal cause of action for personal injury or property damage. Instead, CERCLA directed preparation of an expert report to determine "the adequacy of existing common law and statutory remedies in providing legal redress for harm to man and the environment caused by the release of hazardous substances into the environment," including "barriers to recovery posed by existing statutes of limitations." 42 U.S.C. § 9651(e)(1), (3)(F).

The 1982 report resulting from that statutory directive proposed certain changes to state tort law. Senate Committee on Environment and Public Works, Superfund Section 301(e) Study Group, Injuries and Damages from Hazardous Wastes— **\*2181** Analysis and Improvement of

Case 1:12-cv-04000-LTS   Document 112   Filed 07/22/14   Page 11 of 18

CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

Legal Remedies, 97th Cong., 2d Sess. (Comm. Print 1982) (hereinafter Study Group Report or Report). As relevant here, the Study Group Report noted the long latency periods involved in harm caused by toxic substances and "recommend[ed] that all states that have not already done so, clearly adopt the rule that an action accrues when the plaintiff discovers or should have discovered the injury or disease and its cause." *Id.,* at pt. 1, 256. The Report further stated: "The Recommendation is intended also to cover the repeal of the statutes of repose which, in a number of states[,] have the same effect as some statutes of limitation in barring [a] plaintiff's claim before he knows that he has one." *Ibid.*

Congress did not wait long for States to respond to some or all of the Report's recommendations. Instead, Congress decided to act at the federal level. Congress amended CERCLA in 1986 to add the provision now codified in § 9658. Whether § 9658 repeals statutes of repose, as the Study Group Report recommended, is the question to be addressed here.

The instant case arose in North Carolina, where CTS Corporation ran an electronics plant in Asheville from 1959 to 1985. (A subsidiary, CTS of Asheville, Inc., ran the plant until 1983, when CTS Corporation took over.) The plant manufactured and disposed of electronics and electronic parts. In the process, it stored the chemicals trichloroethylene (TCE) and cis–1, 2–dichloroethane (DCE). In 1987, CTS sold the property, along with a promise that the site was environmentally sound. The buyer eventually sold portions of the property to individuals who, along with adjacent landowners, brought this suit alleging damage from contaminants on the land. Those who alleged the injury and damage were the plaintiffs in the trial court and are respondents here.

Their suit was brought in 2011, 24 years after CTS sold the property. The suit, filed in the United States District Court for the Western District of North Carolina, was a state-law nuisance action against CTS, petitioner here. Respondents sought "reclamation" of "toxic chemical contaminants" belonging to petitioner, "remediation of the environmental harm caused" by contaminants, and "monetary damages in an amount that will fully compensate them for all the losses and damages they have suffered, ... and will suffer in the future." App. to Pet. for Cert. 57a. Respondents claim that in 2009 they learned from the Environmental Protection Agency that their well water was contaminated, allegedly while petitioner operated its electronics plant.

Citing North Carolina's statute of repose, CTS moved to dismiss the claim. That statute prevents subjecting a defendant to a tort suit brought more than 10 years after the last culpable act of the defendant. N.C. Gen.Stat. Ann. § 1–52(16) (Lexis 2013) ("[N]o cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action"); *Robinson v. Wadford,* —— N.C.App. ——, ——, 731 S.E.2d 539, 541 (2012) (referring to the provision as a "statute of repose"). Because CTS' last act occurred in 1987, when it sold the electronics plant, the District Court accepted the recommendation of a Magistrate Judge and granted CTS' motion to dismiss.

A divided panel of the Court of Appeals for the Fourth Circuit reversed, ruling that § 9658 pre-empted the statute of repose. 723 F.3d 434 (2013). The majority found § 9658 "ambiguous," but also found that the interpretation in favor of pre- **2182** emption was preferable because of CERCLA's remedial purpose. *Id.,* at 443–444.

Judge Thacker dissented. *Id.,* at 445–454. She found the statutory text's exclusion of statutes of repose to be "plain and unambiguous." *Id.,* at 445. She further indicated that, even "if the preemptive effect of § 9658 were susceptible to two interpretations, a presumption against preemption would counsel that we should limit § 9658's preemptive reach to statutes of limitations without also extending it to statutes of repose." *Ibid.*

The Courts of Appeals, as well as the Supreme Court of South Dakota, have rendered conflicting judgments on this question. Compare *Burlington N. & S.F.R. Co. v. Poole Chemical Co.,* 419 F.3d 355, 362 (C.A.5 2005), and *Clark County v. Sioux Equipment Corp.,* 2008 S.D. 60, ¶¶ 27–29, 753 N.W.2d 406, 417, with *McDonald v. Sun Oil Co.,* 548 F.3d 774, 779 (C.A.9 2008). This Court granted certiorari. 571 U.S. ——, 134 S.Ct. 896, 187 L.Ed.2d 702 (2014).

II

A

[2] [3] The outcome of the case turns on whether § 9658 makes a distinction between state-enacted statutes of limitations and statutes of repose. Statutes of limitations and statutes of repose both are mechanisms used to limit the temporal extent or duration of liability for tortious acts. Both types of statute can operate to bar a plaintiff's suit, and in each instance time is the controlling factor. There is considerable common ground in the policies

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

underlying the two types of statute. But the time periods specified are measured from different points, and the statutes seek to attain different purposes and objectives. And, as will be explained, § 9658 mandates a distinction between the two.

[4] [5] In the ordinary course, a statute of limitations creates "a time limit for suing in a civil case, based on the date when the claim accrued." Black's Law Dictionary 1546 (9th ed. 2009) (Black's); see also *Heimeshoff v. Hartford Life & Accident Ins. Co.,* 571 U.S. ——, ——, 134 S.Ct. 604, 610, 187 L.Ed.2d 529 (2013) ("As a general matter, a statute of limitations begins to run when the cause of action ' "accrues" '—that is, when 'the plaintiff can file suit and obtain relief' " (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.,* 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997))). Measured by this standard, a claim accrues in a personal-injury or property-damage action "when the injury occurred or was discovered." Black's 1546. For example, North Carolina, whose laws are central to this case, has a statute of limitations that allows a person three years to bring suit for personal injury or property damage, beginning on the date that damage "becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen.Stat. Ann. § 1–52(16).

[6] [7] [8] [9] A statute of repose, on the other hand, puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant. A statute of repose "bar[s] any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury." Black's 1546. The statute of repose limit is "not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered." **\*2183** 54 C.J.S., Limitations of Actions § 7, p. 24 (2010) (hereinafter C.J.S.). The repose provision is therefore equivalent to "a cutoff," *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 363, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), in essence an "absolute ... bar" on a defendant's temporal liability, C.J.S. § 7, at 24.

[10] [11] [12] [13] Although there is substantial overlap between the policies of the two types of statute, each has a distinct purpose and each is targeted at a different actor. Statutes of limitations require plaintiffs to pursue "diligent prosecution of known claims." Black's 1546. Statutes of limitations "promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–349, 64 S.Ct. 582, 88 L.Ed. 788 (1944). Statutes of repose also encourage plaintiffs to bring actions in a timely manner, and for many of the same reasons. But the rationale has a different emphasis. Statutes of repose effect a legislative judgment that a defendant should "be free from liability after the legislatively determined period of time." C.J.S. § 7, at 24; see also *School Board of Norfolk v. United States Gypsum Co.,* 234 Va. 32, 37, 360 S.E.2d 325, 328 (1987) ("[S]tatutes of repose reflect legislative decisions that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability" (internal quotation marks omitted)). Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability. Indeed, the Double Jeopardy Clause has been described as "a statute of repose" because it in part embodies the idea that at some point a defendant should be able to put past events behind him. *Jones v. Thomas,* 491 U.S. 376, 392, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989) (SCALIA, J., dissenting).

[14] [15] One central distinction between statutes of limitations and statutes of repose underscores their differing purposes. Statutes of limitations, but not statutes of repose, are subject to equitable tolling, a doctrine that "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez,* 572 U.S. 1, ——, 134 S.Ct. 1224, 1231–1232, 188 L.Ed.2d 200 (2014). Statutes of repose, on the other hand, generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control. See, *e.g., Lampf, supra,* at 363, 111 S.Ct. 2773 ("[A] period of repose [is] inconsistent with tolling"); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1056, p. 240 (3d ed. 2002) ("[A] critical distinction is that a repose period is fixed and its expiration will not be delayed by estoppel or tolling"); Restatement (Second) of Torts § 899, Comment *g* (1977).

[16] [17] Equitable tolling is applicable to statutes of limitations because their main thrust is to encourage the plaintiff to "pursu[e] his rights diligently," and when an "extraordinary circumstance prevents him from bringing a timely action," the restriction imposed by the statute of limitations does not further the statute's purpose. *Lozano, supra,* at ——, 134 S.Ct., at 1231–1232. But a statute of repose is a judgment that defendants should "be free from liability after the legislatively determined period of time,

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

beyond which the liability will no longer exist and will not be tolled for any reason." C.J.S. § 7, at 24. As an illustrative example, under North Carolina law statutes of limitations may be tolled but statutes of repose may not. **\*2184** See, *e.g., Monson v. Paramount Homes, Inc.,* 133 N.C.App. 235, 239–241, 515 S.E.2d 445, 449 (1999).

B

The relevant provisions of § 9658 and its definitions are central here, so the pre-emption directive is quoted in full:

"**(a) State statutes of limitations for hazardous substance cases**

"**(1) Exception to State statutes**

"In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.

"**(2) State law generally applicable**

"Except as provided in paragraph (1), the statute of limitations established under State law shall apply in all actions brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility.

. . . . .

"**(b) Definitions**

. . . . .

"**(2) Applicable limitations period**

"The term 'applicable limitations period' means the period specified in a statute of limitations during which a civil action referred to in subsection (a)(1) of this section may be brought.

"**(3) Commencement date**

"The term 'commencement date' means the date specified in a statute of limitations as the beginning of the applicable limitations period.

"**(4) Federally required commencement date**

"**(A) In general**

"Except as provided in subparagraph (B), the term 'federally required commencement date' means the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages referred to in subsection (a)(1) of this section were caused or contributed to by the hazardous substance or pollutant or contaminant concerned.

"**(B) Special rules**

"In the case of a minor or incompetent plaintiff, the term 'federally required commencement date' means the later of the date referred to in subparagraph (A) or the following:

"(i) In the case of a minor, the date on which the minor reaches the age of majority, as determined by State law, or has a legal representative appointed.

"(ii) In the case of an incompetent individual, the date on which such individual becomes competent or has had a legal representative appointed."

On the facts of this case, petitioner does not contend that North Carolina's 3–year statute of limitations bars respondents' suit. Though the suit was filed in 2011, more than 20 years after petitioner sold the property at issue, respondents allege that they learned about the contamination only in 2009.

*2185 C

The Court now examines in more detail the question whether the state statute of repose is pre-empted by the federal statute.

[18] [19] The Court of Appeals supported its interpretation of § 9658 by invoking the proposition that remedial statutes should be interpreted in a liberal manner. The Court of Appeals was in error when it treated this as a substitute for a conclusion grounded in the statute's text and structure. After all, almost every statute might be described as remedial in the sense that all statutes are

Case 1:12-cv-04000-LTS   Document 112   Filed 07/22/14   Page 14 of 18

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

designed to remedy some problem. And even if the Court identified some subset of statutes as especially remedial, the Court has emphasized that "no legislation pursues its purposes at all costs." *Rodriguez v. United States,* 480 U.S. 522, 525–526, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (*per curiam* ). Congressional intent is discerned primarily from the statutory text. In any event, were the Court to adopt a presumption to help resolve ambiguity, substantial support also exists for the proposition that "the States' coordinate role in government counsels against reading" federal laws such as § 9658 "to restrict the States' sovereign capacity to regulate" in areas of traditional state concern. *FTC v. Phoebe Putney Health System, Inc.,* 568 U.S. ——, ——, 133 S.Ct. 1003, 1016, 185 L.Ed.2d 43 (2013).

Turning to the statutory text, the Court notes first that § 9658, in the caption of subsection (a), characterizes pre-emption as an "[e]xception" to the regular rule. § 9658(a)(1). Section 9658 contains another subsection, with the heading "State law generally applicable," that provides the rule that "the statute of limitations established under State law shall apply." § 9658(a)(2). Under this structure, state law is not pre-empted unless it fits into the precise terms of the exception.

The statute defines the "applicable limitations period," the "commencement date" of which is subject to pre-emption, as a period specified in "a statute of limitations." § 9658(b)(2). Indeed, § 9658 uses the term "statute of limitations" four times (not including the caption), but not the term "statute of repose." This is instructive, but it is not dispositive. While the term "statute of limitations" has acquired a precise meaning, distinct from "statute of repose," and while that is its primary meaning, it must be acknowledged that the term "statute of limitations" is sometimes used in a less formal way. In that sense, it can refer to any provision restricting the time in which a plaintiff must bring suit. See Black's 1546; see also *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 210, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). Congress has used the term "statute of limitations" when enacting statutes of repose. See, *e.g.,* 15 U.S.C. § 78u–6(h)(1)(B)(iii)(I)(aa) (2012 ed.) (creating a statute of repose and placing it in a provision entitled "Statute of limitations"); 42 U.S.C. § 2278 (same). And petitioner does not point out an example in which Congress has used the term "statute of repose." So the Court must proceed to examine other evidence of the meaning of the term "statute of limitations" as it is used in § 9658. The parties debate the historical development of the terms "statute of limitations" and "statute of repose" in an effort to show how these terms were likely understood in 1986, when Congress enacted § 9658. It is apparent that the distinction between statutes of limitations and statutes of repose was understood by some courts and scholars before 1986. The 1977 Restatement of Torts noted that "[i]n recent years special 'statutes of repose' have been adopted in some states.... The statutory period in these acts is usually longer than that for ***2186** the regular statute of limitations, but ... may have run before a cause of action came fully into existence." Restatement (Second) of Torts § 899, Comment *g*.

But that usage, now predominant, then was not the only definition of the two terms. One scholar, writing in 1981, described multiple usages of the terms, including both a usage in which the terms are equivalent and also the modern, more precise usage. McGovern, The Variety, Policy and Constitutionality of Product Liability Statutes of Repose, 30 Am. U.L. Rev. 579, 584 (1981) (describing a statute of repose as "distinct from a statute of limitation because [a statute of repose] begins to run at a time unrelated to the traditional accrual of the cause of action").

Respondents note that an entry in Black's Law Dictionary from 1979 describes a statute of limitations as follows: "Statutes of limitations are statutes of repose." Black's 835 (5th ed.). That statement likely reflects an earlier, broader usage in which the term "statute of repose" referred to all provisions delineating the time in which a plaintiff must bring suit. See, *e.g., Pillow v. Roberts,* 13 How. 472, 477, 14 L.Ed. 228 (1852) ("Statutes of limitation ... are statutes of repose, and should not be evaded by a forced construction"); *Rosenberg v. North Bergen,* 61 N.J. 190, 201, 293 A.2d 662, 667 (1972) ("All statutes limiting in any way the time within which a judicial remedy may be sought are statutes of repose"); Black's 1077 (rev. 4th ed. 1968) (defining "statute of limitations" as "[a] statute ... declaring that no suit shall be maintained ... unless brought within a specified period after the right accrued. Statutes of limitation are statutes of repose"); Ballentine's Law Dictionary 1233 (2d ed. 1948) (similar). That usage does not necessarily support respondents' interpretation, because the broad usage of the term "statute of repose" does not mean that the term "statute of limitations" must refer to both types of statute.

From all this, it is apparent that general usage of the legal terms has not always been precise, but the concept that statutes of repose and statutes of limitations are distinct was well enough established to be reflected in the 1982 Study Group Report, commissioned by Congress. In one of its recommendations, the Study Group Report called on States to adopt the discovery rule now embodied in § 9658. Study Group Report, pt. 1, at 256. The Report acknowledged that statutes of repose were not equivalent

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

to statutes of limitations and that a recommendation to pre-empt the latter did not necessarily include the former. For immediately it went on to state: "The Recommendation is intended also to cover the repeal of the statutes of repose which, in a number of states[,] have the same effect as some statutes of limitation in barring [a] plaintiff's claim before he knows that he has one." *Ibid.* The scholars and professionals who were discussing this matter (and indeed were advising Congress) knew of a clear distinction between the two.

The Report clearly urged the repeal of statutes of repose as well as statutes of limitations. But in so doing the Report did what the statute does not: It referred to statutes of repose as a distinct category. And when Congress did not make the same distinction, it is proper to conclude that Congress did not exercise the full scope of its pre-emption power.

While the use of the term "statute of limitations" in § 9658 is not dispositive, the Court's textual inquiry does not end there, for other features of the statutory text further support the exclusion of statutes of repose. The text of § 9658 includes language describing the covered period in the singular. The statute uses the terms "the applicable limitations period," "such period **\*2187** shall commence," and "the statute of limitations established under State law." This would be an awkward way to mandate the pre-emption of two different time periods with two different purposes.

True, the Dictionary Act states that "words importing the singular include and apply to several persons, parties, or things" unless "the context indicates otherwise." 1 U.S.C. § 1. But the Court has relied on this directive when the rule is " 'necessary to carry out the evident intent of the statute.' " *United States v. Hayes,* 555 U.S. 415, 422, n. 5, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009) (quoting *First Nat. Bank in St. Louis v. Missouri,* 263 U.S. 640, 657, 44 S.Ct. 213, 68 L.Ed. 486 (1924)). As discussed, the context here shows an evident intent not to cover statutes of repose.

Further, to return again to the definition of the "applicable limitations period," the statute describes it as "the period" during which a "civil action" under state law "may be brought." § 9658(b)(2). It is true that in a literal sense a statute of repose limits the time during which a suit "may be brought" because it provides a point after which a suit cannot be brought. *Ibid.*; see C.J.S. § 7, at 24 ("A statute of repose ... limits the time within which an action may be brought"). But the definition of the "applicable limitations period" presupposes that "a [covered] civil action" exists. § 9658(b)(2). Black's Law Dictionary defines a "civil action" as identical to an "action at law," which in relevant part is defined as a "civil suit stating a legal cause of action." Black's 32–33, 279 (9th ed. 2009); see also *id.,* at 222 (5th ed. 1979).

[20] [21] A statute of repose, however, as noted above, "is not related to the accrual of any cause of action." C.J.S. § 7, at 24. Rather, it mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued. Thus, a statute of repose can prohibit a cause of action from coming into existence. See, *e.g.,* N.C. Gen.Stat. Ann. § 1–52(16) ("[N]o cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action"); see also *Hargett v. Holland,* 337 N.C. 651, 654–655, 447 S.E.2d 784, 787 (1994) ( "A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained.... If the action is not brought within the specified period, the plaintiff literally has *no* cause of action" (internal quotation marks omitted)); *Lamb v. Wedgewood South Corp.,* 308 N.C. 419, 440–441, 302 S.E.2d 868, 880 (1983). A statute of repose can be said to define the scope of the cause of action, and therefore the liability of the defendant. See *Hargett, supra,* at 655–656, 447 S.E.2d, at 788.

[22] [23] In light of the distinct purpose for statutes of repose, the definition of "applicable limitations period" (and thus also the definition of "commencement date") in § 9658(b)(2) is best read to encompass only statutes of limitations, which generally begin to run after a cause of action accrues and so always limit the time in which a civil action "may be brought." A statute of repose, however, may preclude an alleged tortfeasor's liability before a plaintiff is entitled to sue, before an actionable harm ever occurs.

Another and altogether unambiguous textual indication that § 9658 does not pre-empt statutes of repose is that § 9658 provides for equitable tolling for "minor or incompetent plaintiff[s]." § 9658(b)(4)(B). As noted in the preceding discussion, a "critical distinction" between statutes of limitations and statutes of repose "is that a repose period is fixed and its expiration will not be delayed by estoppel or tolling." **\*2188** 4 Wright, Federal Practice and Procedure § 1056, at 240. As a consequence, the inclusion of a tolling rule in § 9658 suggests that the statute's reach is limited to statutes of limitations, which traditionally have been subject to tolling. It would be odd for Congress, if it did seek to pre-empt statutes of repose, to pre-empt not just the commencement date of statutes of repose but also state law prohibiting tolling of statutes of repose—all without an express indication that § 9658 was

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

intended to reach the latter.

[24] In addition to their argument that § 9658 expressly pre-empts statutes of repose, respondents contend that § 9658 effects an implied pre-emption because statutes of repose "creat[e] an unacceptable 'obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Wyeth v. Levine,* 555 U.S. 555, 563–564, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009) (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)). Respondents argue that pre-emption of statutes of repose advances § 9658's purpose, namely to help plaintiffs bring tort actions for harm caused by toxic contaminants.

[25] [26] But the level of generality at which the statute's purpose is framed affects the judgment whether a specific reading will further or hinder that purpose. CERCLA, it must be remembered, does not provide a complete remedial framework. The statute does not provide a general cause of action for all harm caused by toxic contaminants. Section 9658 leaves untouched States' judgments about causes of action, the scope of liability, the duration of the period provided by statutes of limitations, burdens of proof, rules of evidence, and other important rules governing civil actions. " 'The case for federal pre-emption is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to stand by both concepts and to tolerate whatever tension there [is] between them.' " *Wyeth, supra,* at 574–575, 129 S.Ct. 1187 (quoting *Bonito Boats v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 166–167, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989)). Respondents have not shown that in light of Congress' decision to leave those many areas of state law untouched, statutes of repose pose an unacceptable obstacle to the attainment of CERCLA's purposes.

**D**

Under a proper interpretation of § 9658, statutes of repose are not within Congress' pre-emption mandate. Although the natural reading of § 9658's text is that statutes of repose are excluded, the Court finds additional support for its conclusion in well-established "presumptions about the nature of pre-emption." *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 484–485, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (citing *Gade v. National Solid Wastes Management Assn.,* 505 U.S. 88, 111, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992) (KENNEDY, J., concurring in part and concurring in judgment)).

"[B]ecause the States are independent sovereigns in our federal system," the Court " 'assum[es] that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' " *Medtronic, supra,* at 485, 116 S.Ct. 2240 (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)).

It follows that "when the text of a pre-emption clause is susceptible of more than one plausible reading, courts ordinarily 'accept the reading that disfavors pre-emption.' " *Altria Group, Inc. v. Good,* 555 U.S. 70, 77, 129 S.Ct. 538, 172 L.Ed.2d 398 (2008) (quoting *Bates v. Dow Agrosciences* **2189** *LLC,* 544 U.S. 431, 449, 125 S.Ct. 1788, 161 L.Ed.2d 687 (2005)). That approach is "consistent with both federalism concerns and the historic primacy of state regulation of matters of health and safety." *Medtronic,* 518 U.S., at 485, 116 S.Ct. 2240.

The effect of that presumption is to support, where plausible, "a narrow interpretation" of an express pre-emption provision, *ibid.,* especially "when Congress has legislated in a field traditionally occupied by the States," *Altria, supra,* at 77, 129 S.Ct. 538. The presumption has greatest force when Congress legislates in an area traditionally governed by the States' police powers. See *Rice, supra,* at 230, 67 S.Ct. 1146. "In our federal system, there is no question that States possess the 'traditional authority to provide tort remedies to their citizens' as they see fit." *Wos v. E.M.A.,* 568 U.S. ——, ——, 133 S.Ct. 1391, 1400, 185 L.Ed.2d 471 (2013) (quoting *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 248, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984)).

The result of respondents' interpretation would be that statutes of repose would cease to serve any real function. Respondents have not shown the statute has the clarity necessary to justify that reading.

* * *

The judgment of the Court of Appeals for the Fourth Circuit is reversed.

*It is so ordered.*

Justice SCALIA, with whom THE CHIEF JUSTICE, Justice THOMAS, and Justice ALITO join, concurring in part and concurring in the judgment.

I join all but Part II–D of Justice KENNEDY's opinion. I do not join that Part because I remain convinced that "[t]he proper rule of construction for express pre-emption provisions is ... the one that is customary for statutory

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

provisions in general: Their language should be given its ordinary meaning." *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 548, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (SCALIA, J., concurring in judgment in part and dissenting in part). The contrary notion—that express pre-emption provisions must be construed narrowly—was "extraordinary and unprecedented" when this Court announced it two decades ago, *id.,* at 544, 112 S.Ct. 2608, and since then our reliance on it has been sporadic at best, see *Altria Group, Inc. v. Good,* 555 U.S. 70, 99–103, 129 S.Ct. 538, 172 L.Ed.2d 398 (2008) (THOMAS, J., dissenting). For the reasons given in the balance of the opinion, ordinary principles of statutory construction demonstrate that 42 U.S.C. § 9658 pre-empts only statutes of limitation and not statutes of repose.

Justice GINSBURG, with whom Justice BREYER joins, dissenting.

North Carolina's law prescribing "periods ... for the commencement of actions [for personal injury or damage to property]," N.C. Gen.Stat. Ann. §§ 1–46, 1–52 (Lexis 2013), includes in the same paragraph, § 1–52(16), both a discovery rule and an absolute period of repose. Section 1–52(16) states that personal injury and property damage claims

> "shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant.... Provided that no [claim] shall accrue more than 10 years from the last act or omission of the defendant giving rise to the [claim]."

The question presented is whether a federal statute on the timeliness of suits for harm caused by environmental contamination, 42 U.S.C. § 9658, preempts North Carolina's 10-year repose provision.

**\*2190** The federal statute concerns hazardous-waste-caused injuries with long latency periods that can run 10 to 40 years. To ensure that latent injury claims would not become time barred during the years in which the injury remained without manifestation, Congress amended the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq., to include a provision, § 9658, on "actions under state law for damages from exposure to hazardous substances." See H.R. Conf. Rep. No. 99–962, pp. 87–88, 261 (1986) (hereinafter Conference Report) (problem centers on when state limitations periods begin to run rather than the number of years they run; Congress therefore established "a [f]ederally-required commencement date"). Captioned "Exception to State statutes," § 9658(a)(1) instructs that when the applicable state limitations period specifies "a commencement date ... earlier than the federally required commencement date," the federal date shall apply "in lieu of the date specified in [state law]."

The Court in the case at hand identifies as the relevant prescriptive period North Carolina's 10-year repose provision. I agree. But as I see it, the later "federally required commencement date," § 9658(a)(1), (b)(4), displaces the earlier date state law prescribes.

Section 9658(b)(3) defines "commencement date" as "the date specified in a statute of limitations as the beginning of the applicable limitations period." Under North Carolina law, that date is determined by the occurrence of "the last act or omission of the defendant giving rise to the [claim]." N.C. Gen.Stat. Ann. 1–52(16). The definition key to this controversy, however, appears in § 9658(b)(4)(A): " '[F]ederally required commencement date' means the date the plaintiff knew (or reasonably should have known) that [her] injury ... [was] caused ... by the hazardous substance ... concerned." Congress, in short, directed, in § 9658(a)(1), that the federally prescribed discovery rule, set out in § 9658(b)(4), shall apply "in lieu of" the earlier "commencement date" (the defendant's "last act or omission") specified in N.C. Gen.Stat. Ann. § 1–52(16).

Why does the Court fight this straightforward reading? At length, the Court's opinion distinguishes statutes of limitations from statutes of repose. See *ante,* at 2182 – 2188. Yet North Carolina itself made its repose period a component of the statute prescribing periods for "the commencement of actions." §§ 1–46, 1–52(16). What is a repose period, in essence, other than a limitations period unattended by a discovery rule? See Senate Committee on Environment and Public Works, Superfund Section 301(e) Study Group, Injuries and Damages from Hazardous Wastes—Analysis and Improvement of Legal Remedies, 97th Cong., 2d Sess., (pt. 1) 255–256 (Comm. Print 1982) (hereinafter Study Group Report).

The legislative history of § 9658, moreover, shows why the distinction the Court draws between statutes of limitations and repose prescriptions cannot be what Congress ordered. As the Court recognizes, *ante,* at 2180 – 2181, Congress amended CERCLA to include § 9658 in response to the report of an expert Study Group

**CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014)**
82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287...

commissioned when CERCLA was enacted. That report directed its proposals to the States rather than to Congress. It "recommend[ed] that the several states enhance and develop common law and statutory remedies, and that they remove unreasonable procedural and other barriers to recovery in court action for personal injuries resulting from exposure to hazardous waste." Study Group Report 255. The report then made specific proposals. **\*2191** Under the heading "Statutes of Limitations," the Study Group proposed (1) "that all [S]tates ... clearly adopt the rule that an action accrues when the plaintiff discovers or should have discovered the injury or disease and its cause" and (2) that States repeal "statutes of repose which, in a number of [S]tates have the same effect as some statutes of limitation in barring plaintiff's claim before he knows he has one." *Id.,* at 255–256. Both measures are necessary, the report explained, because "many of the hazardous wastes are carcinogens" with "latency period[s] for the appearance of injury or disease ... likely to [run] for thirty years or more." *Id.,* at 255.

Beyond question, a repose period, like the 10–year period at issue here, will prevent recovery for injuries with latency periods running for decades. Thus, altering statutes of limitations to include a discovery rule would be of little use in States with repose prescriptions.

Rather than await action by the States, Congress decided to implement the Study Group's proposal itself by adopting § 9658. *Ante,* at 2181. The Conference Report relates the Study Group Report's observation that "certain State statutes deprive plaintiffs of their day in court" because "[i]n the case of a long-latency disease, such as cancer," a limitations period that begins to run before the plaintiff has discovered her injury frequently will make timely suit impossible. Conference Report 261. The Conference Report then states that "[t]his section"—§ 9658—"addresses the problem identified in the [Study Group Report]." *Ibid.* As the Study Group Report makes clear, "the problem" it identified, to which the Conference Report adverted, cannot be solved when statutes of repose remain operative. The Court's interpretation thus thwarts Congress' clearly expressed intent to fix "the problem" the Study Group described.

In lieu of uniform application of the "federally required commencement date," § 9658(b)(4), the Court allows those responsible for environmental contamination, if they are located in the still small number of States with repose periods,[\*] to escape liability for the devastating harm they cause, harm hidden from detection for more than 10 years. Instead of encouraging prompt identification and remediation of toxic contamination before it can kill, the Court's decision gives contaminators an incentive to conceal the hazards they have created until the repose period has run its full course.

Far from erring, see *ante,* at 2180, 2184 – 2185, the Fourth Circuit, I am convinced, got it exactly right in holding that § 9658 supersedes state law contrary to the federally required discovery rule. I would affirm that court's sound judgment.

**Parallel Citations**

82 USLW 4443, 14 Cal. Daily Op. Serv. 6329, 2014 Daily Journal D.A.R. 7287, 24 Fla. L. Weekly Fed. S 819

Footnotes

\*    The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

\*    See Conn. Gen.Stat. §§ 52–577, 52–584 (2013) (three years); Kan. Stat. Ann. § 60–513(b) (2005) (10 years); Ore.Rev.Stat. § 12.115 (2013) (10 years). See also *Abrams v. Ciba Specialty Chemicals Corp.,* 659 F.Supp.2d 1225, 1228–1240 (S.D.Ala.2009) (discussing Alabama's 20–year common-law rule of repose and holding that § 9658 preempts it).

---

End of Document                                              © 2014 Thomson Reuters. No claim to original U.S. Government Works.