1211 Avenue of the Americas  
New York, New York 10036

212 755 0100  
graisellsworth.com

**GRAIS & ELLSWORTH LLP**

Mark B. Holton  
212 755 5693  
mholton@graisellsworth.com

July 23, 2014

*By Overnight Delivery*

The Honorable Laura Taylor Swain  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

*Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset-Backed Sec., I LLC.*  
No. 12 Civ. 4000 (LTS) (MHD)

Dear Judge Swain:

      We represent plaintiff, the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank (FDIC). We write to respond to the Defendants' July 22, 2014 letter asking this Court to "restore" to defendants' pending motion to dismiss a prior argument that they previously withdrew voluntarily from the motion and to grant them leave to file a supplemental brief in support of this "restored" argument.

      The Defendants' request is grounded on the Supreme Court's recent decision in *CTS Corp. v. Waldburger*, 134 S.Ct. 2175. There, the Supreme Court determined that Section 9658 of the Comprehensive Environment Response Compensation and Liability Act of 1980 (CERCLA) does not preempt **state** statutes of repose. Defendants contend that the Supreme Court's decision makes clear that the FDIC Extender Statute[1] does not apply to **federal** statutes of repose, either, in particular Section 13 of the Securities Act of 1933.

      The Defendants' request should be denied. As Defendants implicitly acknowledged in a Notice of Supplemental Authority they filed on May 24, 2013 (*see* Dkt. #93 at 2), binding Second Circuit authority already has established that the FDIC Extender Statute supersedes state and federal statutes of repose. *See Federal Housing Finance Agency v. UBS Americas Inc.*, 712 F.3d 136 at 140-144 (2nd Cir. 2013) (*UBS*).

---

[1] The FDIC Extender Statute extends by at least three years after the FDIC is appointed receiver of a failed bank, the period within which to assert claims that still were viable when the bank was closed and the FDIC appointed receiver.

Hon. Laura T. Swain
July 23, 2014
Page 2

GRAIS & ELLSWORTH LLP

Defendants essentially ask the Court to ignore *UBS*, arguing that the opinion in *CTS* somehow nullifies the Second Circuit's decision. They are wrong.

In *CTS*, the issue decided was whether a provision of CERCLA preempted state statutes of repose. The decision says nothing about federal statutes of repose. Defendants have offered no good reason to support application of that decision here and certainly nothing to suggest that there are grounds to flout the Second Circuit's decision in *UBS*.

A comparison of Section 9658 of CERCLA and the FDIC Extender Statute shows that *CTS* has no bearing whatever on the Extender Statute. Rather, the Court's conclusion that, in the context of Section 9658, the term "statute of limitations" does not include statutes of repose was based on the specific text, legislative history, and purpose of Section 9658, which differ markedly from the text, legislative history, and purpose of the FDIC Extender Statute.[2]

For example, Section 9658 provides only a limited exception to the applicable state-law limitations period on private actions for personal injury or property damage arising from exposure to hazardous substances released into the environment. It establishes that the state-law limitations period cannot begin to run before the "federally required commencement date," which is the date on which the plaintiff knew or reasonably should have known that its injury was caused by the substance at issue. 42 U.S.C. § 9658(a)(1) and (b)(4). As the Supreme Court emphasized in *CTS*, Section 9658(a)(1) characterizes itself as an "exception" to the regular rule applicable under state statutes, and subsection (a)(2) is entitled "State law generally applicable." *CTS*, 134 S.Ct. at 2179. The Court concluded that, "[u]nder this structure, state law is not pre-empted unless it fits into the precise terms of the exception." *Id.* at 2185. In contrast, the FDIC Extender Statute contains no such limiting language, but rather expressly applies broadly to "*any* action brought by [the FDIC]." 12 U.S.C. § 1821(d)(14)(A) (emphasis added).

Another difference between the two statutes is that Section 9658 uses the term "statute of limitations" to describe the state time periods *being altered* by the federal rule. The FDIC Extender statute uses that term to describe only the time limit *replacing* such other state and federal periods. *Compare* 42 U.S.C. § 9658(a)(1) and (b)(2) with 12 U.S.C. § 1821(d)(14)(A). There is no indication that Congress intended the term "statute of limitations" to refer to the time restrictions replaced by the FDIC Extender Statute. Rather, in Section 1821(d)(14), Congress used the phrase "period applicable under state law" to define the shorter periods being replaced. That definition contains no exception for repose periods, but instead includes any period that would otherwise apply.

---

[2] Indeed, the Supreme Court expressly recognized in *CTS* that the term "statute of limitations" "can refer to any provision restricting the time in which a plaintiff must bring suit," and that "Congress has used the term 'statute of limitations' when enacting statutes of repose." *Id.* at 2185.

GRAIS & ELLSWORTH LLP

Hon. Laura T. Swain
July 23, 2014
Page 3

Furthermore, the FDIC, as an agency of the federal government, is entitled to a presumption that the private plaintiff in *CTS* was not. *See O'Gilvie v. United States*, 519 U.S. 452, 448-59 (1996) (if a statutory limitation period is ambiguous, it will be interpreted in a light most favorable to the government). To the extent that the language of the FDIC Extender Statute is ambiguous as to whether it applies to statutes of repose, that ambiguity must be construed in favor of the FDIC. Surely, then, it makes no sense to conclude, as the Court must if Defendants are to prevail on this issue, that *CTS* abrogated the Second Circuit's decision in *UBS*.

Defendants also point to the fact that the Supreme Court issued a so-called "GVR Order" (standing for grant, vacate and remand) with respect to a Tenth Circuit decision (*Nomura Home Equity Loan v. National Credit Union Administration*) similar to the Second Circuit's decision in *UBS*. Defendants trumpet the GVR Order as an important event portending a complete acceptance of Defendants' argument about *CTS*. But the GVR Order in *Nomura* in no way reflects the Supreme Court's views on the FDIC's Extender Statute, which was not before it. For example, in *Kenemore v. Roy*, 690 F.3d 639, 642 (5th Cir. 2012), the court stated:

> A GVR does not bind the lower court to which the case is remanded; that court is free to determine whether its original decision is still correct in light of the changed circumstances or whether a different result is more appropriate. Because the lower court can decide either way—the Supreme Court not having specified or even suggested which merits outcome is correct—the Court cannot be said to have issued a decision regarding the validity of any convictions.

Thus, while it was sensible (and unremarkable) for the Supreme Court to remand *Nomura* to the Tenth Circuit for further consideration in light of *CTS*, the many substantial differences between the CERCLA provision and the FDIC Extender Statute compel different results, which the FDIC believes the Tenth Circuit will recognize on remand.[3]

---

[3] In addition, the issues Defendants raise here already are under consideration in two courts – the Tenth Circuit in *Nomura* and this Court in cases pending before Judge Stanton (*FDIC v. Bear Stearns Asset-Backed Sec. I LLC, et al.*, No. 12-cv-6166) and Judge Cote (*FHFA v. HSBC North America Holdings, Inc., et al.*, No 11-cv-6189, and related cases). The FDIC respectfully submits that given the number of courts that are considering these issues, if the Court allows supplemental briefing, it may wish to delay the timing to avoid incomplete and multiples rounds of briefing.

GRAIS & ELLSWORTH LLP

Thank you for your consideration.

Respectfully,

Mark B. Holton