SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

———

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3073

E-MAIL ADDRESS
afrankel@stblaw.com

BY HAND

July 28, 2014

Re: *FDIC* v. *Bear Stearns Asset-Backed Sec. I LLC., et al.*, No. 12 Civ. 4000 (LTS) (MHD)

The Honorable Laura Taylor Swain
United States Distrtict Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Dear Judge Swain:

We write on behalf of all Defendants in response to the FDIC's July 23, 2014 letter opposing Defendants' request for supplemental briefing to address the Supreme Court's decision in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014). The FDIC's attempt to minimize the impact of *Waldburger* on this case is unavailing, and the parties should be permitted to fully address this supervening Supreme Court decision which, if applied here, would mandate dismissal of all claims with prejudice.

Contrary to the FDIC's argument, this Court is obligated to follow the Supreme Court's decision in *Waldburger*, which flatly rejects the reasoning underlying the Second Circuit's decision in *Federal Housing Finance Agency v. UBS Americas Inc.*, 712 F.3d 136 (2d Cir. 2013) ("*UBS*"). See *Kazazian v. Bartlett & Bartlett LLP*, 2007 WL 4563909, at *2 (Dec. 19, 2007) (following supervening Supreme Court decisions rather than contrary Second Circuit precedent).[1] The FDIC's contention that *Waldburger* is inapposite

---

[1] In the alternative, if the Court believes it remains bound by *UBS* even after *Waldburger*, the Court should certify the issue to the Second Circuit for interlocutory appeal. *See, e.g. Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 493 n.1 (9th Cir. 1979) (discussing grant of interlocutory appeal where "district judge recognized that substantial doubt had been cast on the validity of" existing circuit precedent by intervening Supreme Court decision, but "belie[ved] that [the circuit precedent] was still controlling authority in the Circuit, in spite of [the Supreme Court decision]").

SIMPSON THACHER & BARTLETT LLP

The Honorable Laura Taylor Swain            -2-            July 28, 2014

is belied by, *inter alia*, subsequent actions of the Supreme Court and Judge Stanton of this Court.  First, the FDIC understates the implication of the Supreme Court's decision to grant *certiorari*, vacate, and remand the Tenth Circuit's decision in *Nomura Home Equity Loan v. National Credit Union Administration*.  While not a ruling on the merits, this action reflects the Supreme Court's conclusion that there is a "reasonable probability" that the Tenth Circuit, like the Second Circuit, incorrectly held that extender statutes referring only to a "statute of limitations" should be read to displace statutes of repose.  *See Wellons v. Hall*, 558 U.S. 220, 225 (2010).  Moreover, in *FDIC v. Chase Mortgage Finance Corp. et al.*, No. 12 Civ. 6166 (LLS) (MHD)—a substantially similar case brought by the FDIC asserting claims under § 11 and § 15 of the 1933 Act—Judge Stanton recently granted Defendants' request for expedited briefing on a motion for judgment on the pleadings to address *Waldburger*, and stayed discovery pending resolution of the motion.

      Defendants believe that a dispositive issue of such importance is most sensibly addressed through limited briefing on a schedule to be agreed upon by the parties or, short of an agreement, as set by the Court.  Defendants therefore respectfully request that the Court permit supplemental briefing concerning this issue, and restore to Defendants' Motion to Dismiss the statute of repose argument that had been previously withdrawn in light of the Second Circuit's now-superseded decision in *UBS*.

Respectfully submitted,

Andrew T. Frankel