**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR CITIZENS NATIONAL BANK AND AS RECEIVER FOR STRATEGIC CAPTIAL BANK,<br><br>                    Plaintiffs,<br><br>    v.<br><br>BEAR STEARNS ASSET BACKED SECURITIES I LLC, *et al*.,<br><br>                    Defendants. | No. 12 Civ. 4000 (LTS) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PARTIAL LIFT OF THE PSLRA DISCOVERY STAY**

Plaintiffs the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank (collectively, "FDIC") move for a partial lift of the discovery stay entered by the Court on August 15, 2012. The FDIC seeks limited, targeted discovery that is necessary to preserve evidence that otherwise will be destroyed in less than 90 days pursuant to an order of the Delaware Bankruptcy Court. Defendants do not oppose the FDIC's motion.

## BACKGROUND

This action involves claims arising from the purchase by two failed banks – Citizens National Bank and Strategic Capital Bank – of 12 residential mortgage-backed securities issued in eight securitizations.[1] The prospectus supplements for two of those securitizations disclose that some of the loans in the collateral pools were originated by American Home Mortgage Corp. ("AHM"). Specifically, the prospectus supplement for CMALT 2006-A6 states that approximately 30.93% of the mortgage loans backing the FDIC's certificate were originated by AHM, and that five of the loans backing the FDIC's certificate were originated in 2005. Declaration of Kathryn E. Matthews, Exhibit A at 30, 34. The prospectus supplement for CSMC 2006-6 states that approximately 10.49% of the mortgage loans (by principal balance as of the cutoff date) were originated by AHM, and that 86 of the loans backing the FDIC's certificates were originated at some time in 2005 or earlier. Matthews Decl. Ex. B at S-5, S-30, S-40 (disclosing 86 loans originated seven or more months before cut-off date of June 1, 2006).

American Home Mortgage Holdings, Inc. and certain of its affiliates (including AHM) filed for bankruptcy protection on August 6, 2007. On January 30, 2015, the Plan

---

[1] The amended complaint includes claims arising from the purchase of 19 certificates from 12 securitizations, but the FDIC has settled all of its claims on seven certificates.

Trustee filed a motion seeking permission to destroy, among other things, hard copy loan files from the time period before September 2005 ("AHM 2005 loans"). Matthews Decl. Ex. C. On February 16, 2015, the FDIC, along with certain other investors in RMBS collateralized by AHM loans, filed a limited objection in the Delaware Bankruptcy Court. Matthews Decl. Ex. D. The objection requested that any order entered on the Plan Trustee's motion exclude hard copy loan files originated in 2004 or the first eight months of 2005. *Id.*

After a hearing, the bankruptcy court issued an order on February 20, 2015 granting the Plan Trustee's motion. Matthews Decl. Ex. E (the "Order"). The Order overrules the limited objection, but gives objectors 90 days in which to review and copy relevant loan files and other documents covered by the Plan Trustee's motion. The Order requires the objectors to make a written request for review (a Review Request) within 15 days of entry of the order, *i.e.*, by March 8, 2015. *Id.*

In order to exercise its rights under the Order to preserve this important evidence, the FDIC needs to be able to identify the specific AHM loans that back its certificates. Because discovery has been stayed in this case since defendants filed their motion to dismiss the amended complaint in December 2012, the FDIC does not have access to loan tapes or other discovery from which it could identify the AHM 2005 loans that back its certificates. On March 4, 2015, the FDIC sent letters to defendants Credit Suisse Securities (USA), LLC and RBS Securities, Inc., as well as to non-party Citicorp Mortgage Securities Inc. ("CMSI"), requesting that they voluntarily provide the FDIC with loan tapes or other information identifying the AHM loans in CMALT 2006-A6 and CSMC 2006-6 so that the FDIC can exercise its right to preserve AHM 2005 loan files

that will otherwise be destroyed by the Plan Trustee. Credit Suisse responded by providing the loan numbers for the three AHM 2005 loans it had identified in the relevant loan group in CSMC 2006-6. The FDIC does not require any additional information from Credit Suisse. CMSI has stated that it will require a formal subpoena in order to produce a loan tape or other information that would enable the FDIC to identify the AHM 2005 loans backing its certificate in CMALT 2006-A6.[2]

As required by the Order, the FDIC sent a Review Request to the AHM Plan Trustee on March 6, 2015. The Review Request identifies by loan number the AHM 2005 loans that the FDIC was able to identify. With respect to CMALT 2006-A6 1A14, the Review Request states that the FDIC intends to review and copy relevant loan files within the 90-day period dictated by the Order but is unable at this time to identify the specific loans covered by its request. The 90-day review period expires on May 21, 2015. If the FDIC cannot identify the relevant AHM loans and review and copy the files for those loans before that date, they will be destroyed pursuant to the Order.

## ARGUMENT

Courts may lift the PSLRA stay where "particularized discovery is necessary to preserve evidence." 15 U.S.C. § 78u-4(b)(3)(B); *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2012 WL 1438241, at *3 (S.D.N.Y. Apr. 25, 2012); *In re Refco, Inc. Secs. Litig.*, No. 05 Civ. 8626 (GEL), 2006 WL 2337212, at *5 (S.D.N.Y. Aug. 8, 2006) ("The PSLRA is clear that the need to preserve evidence justifies a limited lifting of the discovery stay.")

---

[2] RBS responded that it does not have information sufficient to confirm which loans in CMALT 2006-A6 were originated by AHM before September 2005.

A limited lifting of the discovery stay is required here to enable the FDIC to exercise its right under the Order to preserve the loan files for AHM 2005 loans that back the certificates at issue in this case. To prove its claims that defendants made untrue or misleading statements in the offering documents for these securities, the FDIC needs access to the loan files. The loan files contain the documents that the FDIC's experts – as well as defendants' experts – will need to conduct reunderwriting and appraisal reviews to determine whether the statements made in the offering materials were accurate. This evidence will be critical both to the FDIC's claims and the defendants' defenses in the event that the Court denies defendants' pending motion to dismiss.

Furthermore, it is beyond dispute that this evidence will be destroyed imminently if the stay is not lifted in part. The FDIC cannot exercise its right to review and copy the relevant loan files if it cannot identify the loans that back its certificates. The FDIC needs (a) limited, targeted discovery from CMSI to identify the 2005 AHM loans backing CMALT 2006-6 1A4, and (b) leave to review and copy the relevant AHM loan files that are slated for destruction pursuant to the Order.[3] The requested discovery would impose little, if any, burden on the defendants or third parties, while enabling the FDIC to preserve evidence that both parties will require access to in the event that defendants' motion to dismiss the amended complaint is denied.

## CONCLUSION

For the foregoing reasons, the FDIC requests that the Court grant a partial lift of the discovery stay to permit the FDIC (a) to serve a targeted subpoena on non-party

---

[3] As explained above, the FDIC sent a Review Request to the Plan Trustee on March 6 in order to comply with the deadline set in the Order. It has not, however, taken any steps to review or copy any loan files.

CMSI seeking a loan tape or other information sufficient to identify the AHM 2005 loans backing the FDIC's certificate in CMALT 2006-A6 1A4, and (b) to review and copy the loan files for relevant AHM 2005 loans slated for destruction on or before May 21, 2015.

Dated: March 17, 2015

                                              Respectfully submitted,

                                              **GRAIS & ELLSWORTH LLP**

                                              By: /s/ Mark B. Holton

                                              David J. Grais (DG 7118)
                                              Mark B. Holton (MH 4939)
                                              Kathryn E. Matthews (KN 0932)
                                              1211 Avenue of the Americas
                                              New York, New York 10036
                                              Phone: (212) 755-0100

                                              *Attorneys for Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank*