**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR CITIZENS NATIONAL BANK
and RECEIVER FOR STRATEGIC CAPITAL BANK,

               Plaintiff,

      v.

BEAR STEARNS ASSET BACKED SECURITIES I
LLC; THE BEAR STEARNS COMPANIES LLC.;
J.P. MORGAN SECURITIES LLC.; CITICORP
MORTGAGE SECURITIES, INC.;
CITIMORTGAGE, INC.; CITIGROUP GLOBAL
MARKETS INC.; CREDIT SUISSE FIRST
BOSTON MORTGAGE SECURITIES CORP.;
CREDIT SUISSE MANAGEMENT LLC; CREDIT
SUISSE SECURITIES (USA) LLC; MERRILL
LYNCH MORTGAGE INVESTORS, INC.;
MERRILL LYNCH MORTGAGE CAPITAL INC.;
MERRILL LYNCH, PIERCE, FENNER & SMITH
INC.; ALLY SECURITIES, LLC; DEUTSCHE
BANK SECURITIES INC.; HSBC SECURITIES
(USA) INC.; RBS SECURITIES INC.; and UBS
SECURITIES LLC,

              Defendants.

No. 12 Civ. 4000 (LTS)(KNF)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2-0

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

      In the interest of efficiency and judicial economy, particularly in the interest of

avoiding ancillary litigation over discovery issues relating to confidential material or the

inadvertent production of privileged material, Plaintiff the Federal Deposit Insurance

Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank

(the "FDIC-R") and Defendants Credit Suisse First Boston Mortgage Securities Corp., Credit

Suisse Management LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc.,

HSBC Securities (USA) Inc., NatWest Markets Securities Inc. (f/k/a RBS Securities Inc.), and UBS Securities LLC (collectively, "Defendants" and together with the FDIC-R, the "Parties" and each is a "party"), hereby stipulate and agree to this Order and the procedures set forth herein for designating and protecting confidential and highly confidential material and for addressing the inadvertent production of Privileged Material, as defined. The Parties respectfully request that the Court enter an Order approving the same.

**CONFIDENTIALITY**

1.      This Order shall apply to and govern all material that a disclosing party designates as confidential or highly confidential during discovery in the above-captioned action. This includes deposition testimony, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, subpoenas and all other discovery in any form. This also includes testimony or other communications that might reveal confidential or highly confidential discovery material. However, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, the work product of their co-counsel, or the work product of any experts, consultants, or other advisors employed or retained by the Parties or their respective counsel created in anticipation of or in connection with the above-captioned action.

2.      When used in this Order, the phrase "disclosing party" shall refer to the Parties, and each of them, to the above-captioned action or to non-parties who give testimony or produce documents or other material subject to this Order, and the phrase "receiving party" shall refer to the Parties, and each of them, or to non-parties who receive any such documents or other material subject to this Order.

3.      When used in this Order, the word "document" encompasses, but is not limited to,

any type of document or testimony, including all documents or things described in Federal Rule of Civil Procedure 34, Local Civil Rule 26.3 and Federal Rule of Evidence 1001.

4.      When used in this Order, the word "Banks" shall refer to Citizens National Bank and Strategic Capital Bank.

5.      As used in this Order, "discovery material" refers to all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any party or non-party during discovery in this action.

6.      This Order designates as "confidential" any discovery material that is designated as such by a disclosing party because the material contains any of the following: confidential, sensitive, or nonpublic financial information or statements; confidential trade secrets; proprietary business information, including business plans or records of internal deliberations or decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; or individual personal information that is protected from disclosure under state or federal law, including identifying personal information and personal financial information, about any party, any employee of any party, or any non-party (including, but not limited to, name, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit and banking information).  It is possible that disclosure of this confidential discovery material may cause harm to the disclosing party and their employees, as well as to non-parties.

7.     A disclosing party may designate as confidential any material that is not known to the general public, including, but not limited to, the following:

(a)     Regulatory Information: material related in any way to the regulation or supervision of the Banks, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC, the Board of Governors of the Federal Reserve System, the Office of Financial and Insurance Regulation ("OFIR"), or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents or records related to the supervision or regulation of the Banks. The FDIC notes that the release of any such regulatory documents may require prior approval from other government agencies, including the Federal Deposit Insurance Corporation in its corporate capacity. To the extent the FDIC possesses regulatory material of another regulatory authority that is responsive to a discovery request propounded by any party and that the FDIC believes may not be lawfully produced without prior approval of the regulatory authority or entry of a court order, the FDIC shall promptly seek the other regulatory authority's consent to produce the regulatory material and shall promptly notify all parties whether the regulatory authority does or does not consent. Should any party seek a court order compelling disclosure of the regulatory material, the relevant regulatory authority shall be afforded a reasonable opportunity to oppose entry of an order. Confidential

material also includes documents that are exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the regulations governing the disclosure of information, 12 C.F.R. Parts 261 and 309, the laws of the State of New York, or any other applicable federal or state laws.

(b)    Information Protected By Law: any information that a disclosing party is obligated by law to keep confidential, including but not limited to, non-public personal information such as Social Security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information, documents or data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a, and other sensitive personally identifiable information, other information for which applicable federal or state law requires confidential treatment, and/or "Nonparty Borrower Information," which for purposes of this Order shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its implementing regulations, including, but not limited to, any portion of a mortgage loan file or other document that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security

number, loan number, telephone number, or place or position of work.

(c) Bank Information: material related to the Banks, or any other bank, including but not limited to: chargebacks, merchant processing, bank account information, customer bank records, signature cards, bank statements, general ledger entries, deposit or reserve information, trading statements and records, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and loan documentation relating to any extension of credit or loan to any borrower.

(d) Receivership Information: material related to the receivership of the Banks, including any information on loss or estimates of such loss on the Banks' assets that is not publicly available. Notwithstanding any other provision of this Order, no confidential material shall be disclosed to any person or entity known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to material under the terms of this Order, except as the Court may hereafter allow upon a showing of good cause.

(e) Trade Secret/Proprietary Information: material that the producing party reasonably believes constitutes, reflects, or discloses trade secrets, proprietary data or commercially sensitive information.

(f) Reproduced Discovery Material: material that is produced in the above-captioned action pursuant to an agreement or order requiring reproduction of discovery material from other litigations or proceedings where such

material was marked or designated confidential (or a similar designation) in the litigation or proceeding in which such material was originally produced.

8.     This Order designates as "highly confidential" any discovery material that is designated as such by a disclosing party because the discovery material contains sensitive, proprietary, confidential, and/or personal information which a disclosing party in good faith believes constitutes confidential discovery material but for which "confidential" status may not provide sufficient protection.

9.     Nothing in paragraphs 7 or 8, or any other provision of this Order, shall constitute a waiver by Defendants, FDIC, FDIC-R, FDIC-C or FDIC in any other capacity, of any privilege, doctrine or other objection to production of any Regulatory Information, Information Protected by Law, Bank Information, Receivership Information, Trade Secret/Propriety Information, Reproduced Discovery Material or any other information.

10.     A disclosing party shall designate material as confidential or highly confidential only to the extent that it reasonably and in good faith believes that such material is in fact confidential or highly confidential.

11.     Any party or nonparty receiving any non-public material from a disclosing party, regardless of whether such material is designated as confidential or highly confidential, shall use that material solely for the purpose of conducting or participating in the above-captioned action and not for any other purpose whatsoever.

12.     Except as provided by the express terms of this Order, or as required by law, all persons subject to this Order shall refrain from disclosing in any manner any information set forth in any confidential or highly confidential material. However, the transmission of

confidential or highly confidential material between the FDIC-R and the FDIC acting in any other capacity shall not constitute a violation of this paragraph or of any other provision of this Order, provided that the transmission or use is for a purpose authorized by paragraph 14 below. Any confidential material transmitted among various capacities of the FDIC shall remain subject to this Order and its prohibition on disclosure.

13.    Nothing in this Order shall apply to documents or any portion thereof obtained by any receiving party on a non-confidential basis from a non-party, provided that if such document duplicates, in whole or in part, documents produced to the receiving party and designated as confidential or highly confidential material, and such document was obtained directly or indirectly by the non-party as a result of discovery from the disclosing party or a party affiliated with the disclosing party in any litigation or proceeding involving any party or person affiliated with any party, such documents, or the duplicative portion thereof, shall be treated by the receiving party as confidential or highly confidential material. Nothing in this paragraph shall be deemed to relieve any non-party from complying with its obligations under any agreement or court order that is otherwise applicable to that non-party.

14.    Confidential and highly confidential material shall be subject to the following restrictions:

> (a)    Except as required by law, confidential or highly confidential material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of the above-captioned action, including any appeals thereof, and shall not be used by the parties or any other person for any commercial, business, competitive, or other purpose. Absent consent from a disclosing party, which shall be given solely in that

disclosing party's discretion, no confidential or highly confidential material produced by such disclosing party may be used in connection with any other litigation, matter, or proceeding.

(b)     Except as required by law, confidential or highly confidential material shall not be given, shown, made available, or communicated in any way to anyone except those persons specified in paragraph 15 below to whom it is reasonably necessary that such confidential or highly confidential material be given or shown for the purposes permitted under subparagraph (a) above, and shall not be disclosed by them.

15.     In the absence of written permission from the disclosing party or an order of the Court, confidential material may only be disclosed, or communicated in any way, to the following persons:

(a)     Officers or employees of either party who are necessary to aid counsel in the prosecution or defense of this action.

(b)     The attorneys working on the above-captioned action on behalf of a party, including attorneys consulting with or advising a party to the above-captioned action, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such attorneys and necessary to assist with the above-captioned action.

(c)     Persons specially retained by any of the attorneys or parties to this action to assist in the preparation of this action, including but not limited to vendors, experts, and consultants, provided that such persons require

access to the confidential or highly confidential material in order to perform the services for which they have been retained and provided that each such person signs a written agreement to be bound by this Order in the form of the annexed hereto as Exhibit A, and provided further that any part of a report created by such expert or consultant relying on or incorporating confidential or highly confidential material in whole or in part shall be designated as confidential or highly confidential by the party responsible for its creation; and provided further that the experts or consultants may not use confidential or highly confidential material to their competitive advantage or for any purpose that does not relate to the above-captioned action.

(d)     Any fact witness or potential fact witness, including current and/or former employees or agents of a party, and attorneys for such witnesses, to the extent reasonably believed by counsel for a party to be necessary in connection with their testimony or potential testimony in the above-captioned action or the preparation for such testimony; provided, however, that any such individual (i) shall not retain any documents designated as confidential or highly confidential and (ii) shall be informed, prior to being shown materials designated as confidential or highly confidential that he/she is being shown such materials solely for use in the above-captioned action.

(e)     Subpoena recipients only to the extent necessary to permit the subpoena recipient to locate documents, data, or materials responsive to the

subpoena, provided, however, that the recipient (i) shall not retain any documents marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that the recipient is being shown such material solely for use in the above-captioned action.

(f)    Any other person designated by agreement of the Parties and the disclosing party, or by order of the Court.

(g)    Court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings.

(h)    The Court and its personnel.

(i)    Arbitrators, mediators or discovery masters (and their support staff) assisting in the above-captioned action, if any.

16.    Highly confidential material may be disclosed, as described in paragraph 15, except that highly confidential material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the receiving party other than the receiving party's counsel; or (ii) any current or former director, officer, or employee of any other party to the above-captioned action other than counsel for any Party to the action; or (iii) any current or former director, officer, or employee of the Banks other than the Banks' counsel; provided, however, that confidential or highly confidential material may be disclosed, summarized, described, characterized, or otherwise communicated to any current or former director, officer, or employee of a receiving party, a party, Citizens National Bank, or Strategic Capital Bank, if a party or its respective counsel

believes in good faith that the current or former director, officer or employee authored, received or previously saw the discovery material; and further provided that any discovery material from the files of Citizens National Bank or Strategic Capital Bank may be disclosed, summarized, described, characterized or otherwise communicated to any former director officer or employee of the Banks.

17.     This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals or entities who receive material designated confidential or highly confidential shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

18.     The recipient of any material designated confidential or highly confidential that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential or highly confidential material. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location. Material designated confidential or highly confidential shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of the above-captioned action. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

19.     Disclosing parties shall designate confidential or highly confidential material as follows:

(a)     In the case of documents produced, interrogatory responses, responses to requests to admit, and the information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, prior to its production or disclosure to the receiving party. Electronically-stored information designated as confidential shall be marked or stamped as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or using means sufficient: to ensure that every page of such document, when printed, contains the appropriate mark or stamp, where practicable. Notwithstanding the foregoing, Excel documents or any other type of electronically-stored information produced in native format (together, "Natively-Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the disclosing party shall use reasonable means to designate as confidential such Natively-Produced ESI including, where applicable and/or practicable, by (a) producing a TIFF placeholder image corresponding to the Natively-Produced ESI that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" mark; (b) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the Natively-Produced ESI; and (c) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the label of the media or in the transmittal email containing the Natively-Produced ESI.

(b)     Any confidential or highly confidential material produced in a non-paper

media (*e.g.,* videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as confidential or highly confidential pursuant to the terms of this Order in accordance with the designation of the produced copy.

(c)     In the event that a disclosing party inadvertently fails to stamp or otherwise mark material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of its production, that disclosing party may stamp or otherwise mark the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any reasonable time thereafter. Material not marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to its disclosure to a receiving party may be subsequently marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in writing or, if on the record at a deposition, court hearing, or trial, orally. If the designation of material as confidential or highly confidential is made orally, the party making the designation shall memorialize the designation in writing within five (5) business days. Upon making such subsequent designation, the disclosing party shall promptly provide a replacement copy of the material with the appropriate mark or stamp. To the extent such material may have been disclosed by the receiving party to anyone not authorized

to receive material designated confidential or highly confidential, the receiving party shall make reasonable efforts to retrieve the material promptly and to avoid any further such disclosure. Delay in designating material as confidential or highly confidential shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order. Any documents designated as confidential or highly confidential material prior to entry of this Order shall be treated the same in all respects as documents designated confidential or highly confidential material subsequent to the entry of this Order.

(d)     Material designated confidential or highly confidential may be used in depositions. Designation of the portion of the deposition transcript (including exhibits) that contains confidential or highly confidential material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the disclosing party or counsel for the disclosing party whose confidential or highly confidential material was used at the deposition, which material shall be so designated within twenty-one (21) days after the transcript of the deposition is made available. In the event that (i) confidential or highly confidential material produced by a non-party is used as an exhibit in a deposition and (ii) counsel for the non-party is not present at the deposition, the parties agree that the exhibit and any testimony concerning the exhibit shall be designated as confidential or highly confidential accordingly. During the twenty-one (21) days after the transcript of any

deposition becomes available, the entire deposition transcript shall be treated as confidential or highly confidential to the extent that documents designated as confidential or highly confidential are marked as exhibits at the deposition or any testimony is designated confidential or highly confidential in the course of the deposition. The cover of each deposition transcript that contains confidential information shall bear the following legend: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER." The cover of each deposition transcript that contains highly confidential information shall bear the following legend: "THIS DEPOSITION TRANSCRIPT CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER."

(e) For reports created by an expert or consultant relying on or incorporating confidential or highly confidential discovery material in whole or in part the party responsible for its creation shall include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

20. Nonparty Borrower Information Designation:

    (a) Any party (including non-parties) producing materials through discovery may designate loan files, servicing records, or related documents that it discloses during discovery in the action, including, but not limited to, the Nonparty Borrower Information contained therein, as confidential or highly confidential material, as appropriate, because the materials constitute, contain, reveal, or evidence "non-public personal information."

    (b) Any party (including non-parties) receiving non-public personal information consisting of, derived from, or related to loan files or servicing records produced in discovery, regardless of whether such material is designated with the appropriate designation, shall use that material solely for the purpose of conducting this litigation. Notwithstanding the foregoing, nothing in this Order shall require any receiving party to disregard or violate any order, direction, or regulatory requirement of any governmental authority.

    (c) In order to expedite production of loan files and servicing records, a disclosing party may, at its sole option, produce materials without a detailed or any review, subject to the "clawback" procedures in this Order, as set forth in paragraphs 37-42, or as otherwise agreed to. In doing so, the disclosing party may designate the contents of loan files, servicing records, or related documents that by their nature contain Nonparty Borrower Information with the appropriate designation even if some of the documents in the collection may not, considered individually, qualify for

such designation.

(d) The disclosing party shall designate Nonparty Borrower Information material as follows:

i. In the case of information in documentary form, the disclosing party shall designate the documents as confidential material in the manner described above in paragraph 19, except that bulk productions may be designated as set forth in Paragraph 20(d)(iii).

ii. Nonparty Borrower Information may be used in depositions. The Party using such information in a deposition should designate any portion of the deposition testimony discussing such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the procedure outlined in paragraph 19.

iii. Any Nonparty Borrower Information produced in a non-paper media (*e.g.*, computer disks or drives) and/or bulk productions in native format or without Bates numbers may be designated confidential by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container in which the information is stored and/or on the first page of a document and/or on the relevant page(s) of the document. In the event a receiving party generates any electronic copy, hard copy, transcription, or printout from any such designated non-paper media, that receiving party must treat each copy, transcription, or printout as confidential pursuant to the terms of this Order.

21.     A party may designate as confidential or highly confidential material produced by the disclosing party without a designation of confidential or highly confidential provided that such document or information contains the designating party's own confidential or highly confidential material. Such designations shall be accomplished by providing written notice to all parties identifying (by Bates number, transcript line and page number, or other individually identifiable information) the document, testimony, or other material being designated. Promptly after providing such notice, the designating party shall provide re-labeled copies of the material to each receiving party reflecting the new designation. The receiving party will replace the originally designated material with the newly designated material and will destroy the originally designated material.

22.     Nothing in this Order shall be taken as indicating that any material is in fact confidential or highly confidential or entitled to confidential or highly confidential treatment. No party shall be obligated to challenge the propriety of a confidential or highly confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated materials as confidential or highly confidential contend that any delay by another party in objecting to the designating party's confidential or highly confidential designation in any way (a) lends support to the designating party's confidential or highly confidential designation or (b) invalidates or diminishes in any way the objecting party's challenge of the confidential or highly confidential designation for any such materials. In the event that any party disagrees at any stage of these proceedings with such designation, counsel for such party shall notify counsel for the disclosing party in writing (the "Notice"). The objecting party shall identify each particular document or other material bearing a designation to which it objects and shall specify the reason(s) for the objection. Within seven

(7) calendar days of the receipt of the Notice, counsel for the parties (and any nonparty involved) shall promptly schedule and hold a meet-and-confer to attempt to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting party may request from the Court any relief that it deems appropriate (which shall have first been raised no later than during the parties' meet and confer). In the event of a dispute, the designating party shall have the burden of establishing that the material in question is confidential or highly confidential. The material in question shall retain its confidential or highly confidential status until the Court rules on any such motion. The objecting party may request a telephonic hearing with respect to the confidential or highly confidential status of material. Notwithstanding any other provision of this Order, no party shall challenge in any way any confidentiality designation placed on Reproduced Discovery Material if such designation was previously challenged and upheld in the matter in which it was originally produced. With respect to Reproduced Discovery Material that is subsequently designated confidential (or any similar designation) in the litigation or proceedings in which such Reproduced Discovery Material was originally produced, the disclosing party shall promptly notify any receiving party of such subsequent designation. In such case, within fourteen (14) days of such subsequent designation, the Producing Person shall provide the Receiving Person with corrected copies of such Reproduced Discovery Material, bearing the subsequently designated confidentiality designation. If any person challenges any confidentiality designation placed on Reproduced Discovery Material, the Parties should cooperate to accommodate the terms of the protective order or confidentiality stipulation that governed in the litigation or proceeding in which such Reproduced Discovery material was originally produced, but the Court will ultimately apply this Order to Confidential or Highly Confidential discovery material produced in this action.

23.     Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in the above-captioned action any material designated as confidential or highly confidential. Documents containing material designated as confidential or highly confidential shall not be filed with the Court unless the filing party reasonably believes it is necessary to do so for purposes of trial, motions (including without limitation, motions for summary judgment) or other court matters. Any party that seeks to file any material designated as confidential or highly confidential must file a motion to seal, identifying (by Bates number) any material designated as confidential or highly confidential that any party wishes to file under seal, and comply with the provisions for filing materials under seal contained in any local rules. If the court denies the motion to seal, the filing party may file the material identified in the motion in the public record. The designation of material as confidential or highly confidential shall not constitute evidence as to whether such material may properly be sealed. A party's failure to contest a disclosing party's designation of material as confidential or highly confidential before the filing of a motion to seal shall not be deemed an admission by the party who failed to contest the designation that such material should be filed under seal.

24.     While a motion to seal is pending and before the Court has ruled, neither party shall make use in open court of any material that is subject to that motion to seal without the consent of the designating party or the permission of the Court.

25.     If a person or party shows confidential or highly confidential material to any person other than in the manner authorized by this Order, they must promptly in writing, via overnight delivery or email, and in no event later than three (3) business days from the discovery of such disclosure bring all pertinent facts relating thereto to the attention of counsel for the

disclosing party and, without prejudice to any other rights and remedies of the Parties or non-parties, make reasonable efforts to retrieve the material promptly and to prevent further dissemination by it or by the person who was the recipient of such material.

26. If a party has cause to believe that a violation of this Order has occurred or is about to occur, then that party may petition this or any other proper court for appropriate relief. To the extent either party feels the protections of the Order are not adequate for particular confidential or highly confidential material, that party may petition the Court for an appropriate amendment to this Order.

27. In the event any receiving party having possession, custody or control of any material designated as confidential or highly confidential receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any confidential or highly confidential material (a "Third-Party Request"), the receiving party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental authority:

> (a) Promptly, and in any event within five business days of receipt of the Third-Party Request, give written notice to counsel for the designating party;
>
> (b) furnish counsel for the designating party with a copy of the subpoena, request for production of documents, or other process or order; and
>
> (c) cooperate reasonably with respect to all reasonable and legitimate procedures sought to be pursued by the designating party.

28. The designating party asserting the confidential or highly confidential treatment shall have the burden of defending against such subpoena, process or order. The

22

party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent that the designating party is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the disclosing party before producing any material designated as confidential or highly confidential in response to the subpoena, request for production of documents, or other process or order to the extent that doing so does not expose such receiving party to sanctions, an order of contempt or the like; provided, however, that nothing in this Order shall require any party to disregard or violate any order or direction of any governmental authority.

29.     At the conclusion of this action, all confidential and highly confidential material and copies thereof in the possession, custody or control of the parties shall be either returned to the producing party or destroyed. Pleadings, transcripts, exhibits, notes, memoranda, correspondence, reports, summaries, and other work product, either electronic or in hard copy form, in the possession, custody, or control of the parties referring to, describing, or relating to confidential or highly confidential material, may be retained by counsel even if such material constitutes or contains confidential or highly confidential material. Such material retained by counsel shall continue to be subject to the terms and conditions of this Order and shall be destroyed upon the expiration of the applicable statute of limitation for claims related to that counsel's representation of the receiving party.

30.     Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned action.

31.     This Order is without prejudice to the right of any party or nonparty to seek any other or different confidentiality arrangement or relief from the Court, on notice to all identifiable potentially affected disclosing parties.

32.     This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing the material called for (whether designated as confidential or highly confidential or not) and access to all material shall be only as provided by the discovery rules and other applicable law.

33.     Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any substantive claim or defense in the trial of, or other proceedings in, the above-captioned action.

34.     The Parties may jointly seek to amend or modify the Order, subject to Court approval. Any request for amendment or modification that would permit greater disclosure of confidential or highly confidential material than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any non-party that has produced confidential or highly confidential material to the extent such request for amendment or modification will apply to confidential or highly confidential material produced by non-parties.

35.     Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a party to make use of its own discovery material in any way it deems fit.

36.     Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any grounds to the admission in evidence of any fact or information.

## INADVERTENT PRODUCTION

37. The production of documents by Parties and by non-parties that produce documents in the above-captioned action (each a "producing party") shall, to the maximum extent permitted by law, be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding the inadvertent production of material protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the bank examination privilege or any other privilege or protection from disclosure recognized under applicable law ("Privileged Material").

38. The procedure set forth below is intended to provide the producing party or any other party purporting to hold a privilege with an efficient method for retrieving or "clawing back" inadvertently produced Privileged Material, subject to any resolution of any dispute over the privileged or protected status of the Privileged Material, and for foreclosing any arguments of waiver, subject to the procedures outlined below for bringing disputed claims to the Court for resolution. In order to allow for expeditious production of voluminous documents, a producing party may, at its sole option, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the material, and such expeditious production shall not be deemed a waiver — in this litigation or in any other proceeding, including in Federal, State, arbitral, or foreign proceedings — of any applicable privilege, protection or prohibition from disclosure of any Privileged Material if the producing party otherwise complies with the procedures outlined below for retrieving or "clawing back" the Privileged Material.

39. If a producing party, or any other party purporting to hold a privilege, has a good faith belief that Privileged Material has been inadvertently produced, and at any time notifies the

receiving party in writing that the producing party disclosed Privileged Material (an "Inadvertent Disclosure Notice"), or any party or non-party receiving Privileged Material discovers such disclosure (in which case the receiving party shall give the producing party prompt written notice), then, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the inadvertent production of Privileged Material shall not be deemed a waiver — in the above-captioned action or in any other proceeding, including in Federal, State, arbitral or foreign proceedings — of the applicable privilege, protection, or prohibition from disclosure.

40. Upon receipt of any Inadvertent Disclosure Notice claiming that a document is or includes Privileged Material, the parties (regardless of whether they agree with the claim of privilege or work-product protection) shall promptly:

> (a) use reasonable efforts to destroy or sequester all copies of the inadvertently produced material in their possession, custody, or control and notify the producing party, or any other party purporting to hold a privilege, within 10 days, that they have done so; and

> (b) take reasonable steps to retrieve and destroy or sequester the inadvertently produced material from other persons, if any, to whom such material have been provided consistent with Federal Rule of Civil Procedure 26(B)(5)(B), and notify the producing party, within 10 days, that they have done so.

41. To the extent a receiving party disputes the claim of privilege or work-product protection (the "disputing party"), the disputing party shall notify in writing the producing party, or any other party purporting to hold a privilege, of its position within thirty (30) days of receiving the Inadvertent Disclosure Notice (a "Dispute Notification"). A party may, upon

showing good cause, submit a Dispute Notification more than thirty (30) days after receiving an Inadvertent Disclosure Notice. Within seven (7) days of receiving the Dispute Notification, the producing party, or any other person or entity purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the disputing party in an effort to resolve their disagreement. If no such resolution is reached, the disputing party may apply to the Court for a ruling on the producing party's claim of privilege. In arguing issues concerning protection for material claimed to constitute Privileged Material, no party shall assert as a basis for the relief it seeks (including if a receiving party seeks a ruling that the disclosed information was never privileged) the fact or circumstance that such documents have already been inadvertently produced in the above-captioned action or a related action, litigation or proceeding.

42.     If, during a deposition, a party claims that a document being used in the deposition (*e.g.,* marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection, the party may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly-privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection. Until the dispute is resolved, all Parties shall treat the transcript of such deposition as highly confidential. If the party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's

status to the Court.

GRAIS & ELLSWORTH LLP

By: s/ Vickie Reznik
David J. Grais, Esq.
dgrais@graisellsworth.com
Vickie Reznik, Esq.
vreznik@graisellsworth.com
Kathryn E. Matthews, Esq.
kmatthews@graisellsworth.com
950 Third Avenue, 24th Floor
New York, New York 10022
(Tel.) 212-755-0100
(Fax) 212-755-0052

*Counsel for Plaintiff the Federal Deposit
Insurance Corporation as Receiver for
Citizens National Bank and Receiver for
Strategic Capital Bank*

SIMPSON THACHER & BARTLETT LLP

By: s/ Linton Mann III
Andrew T. Frankel, Esq.
afrankel@stblaw.com
Linton Mann III, Esq.
lmann@stblaw.com
425 Lexington Avenue
New York, New York 10017
Phone: (212) 455-2000

*Counsel for Defendants Deutsche
Bank Securities Inc., NatWest Markets
Securities Inc. (f/k/a RBS Securities Inc.),
and UBS Securities LLC*

SO ORDERED: 1/8/20

Kevin Nathaniel Fox

Hon. Kevin Nathaniel Fox
United States Magistrate Judge

ORRICK HERRINGTON & SUTCLIFFE
LLP

By: s/ Gregory D. Beaman
Richard A. Jacobsen, Esq.
rjacobsen@orrick.com
John Ansbro, Esq.
jansbro@orrick.com
Paul F. Rugani, Esq.
prugani@orrick.com
Gregory D. Beaman, Esq.
gbeaman@orrick.com
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000

Barry S. Levin, Esq.
blevin@orrick.com
The Orrick Building
405 Howard Street
San Francisco, California 94105
(415) 773-5700

*Counsel for Defendants Credit Suisse First
Boston Mortgage Securities Corp., Credit
Suisse Management LLC, and Credit Suisse
Securities (USA) LLC*

MAYER BROWN LLP

By: s/ Michael O. Ware
Michael O. Ware, Esq.
mware@mayerbrown.com
Charles S. Korschun, Esq.
ckorschun@mayerbrown.com
1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 506-2500

BOIES SCHILLER FLEXNER LLP
Andrew Z. Michaelson, Esq.
amichaelson@bsfllp.com
55 Hudson Yards
New York, New York 10001
Phone: (212) 446-2300

*Counsel for Defendant HSBC Securities (USA), Inc*

\*\*\*

SO ORDERED.

Dated: New York, New York

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR CITIZENS NATIONAL BANK
and RECEIVER FOR STRATEGIC CAPITAL BANK,

          Plaintiff,

v.

BEAR STEARNS ASSET BACKED SECURITIES I
LLC; THE BEAR STEARNS COMPANIES LLC.;
J.P. MORGAN SECURITIES LLC.; CITICORP
MORTGAGE SECURITIES, INC.;
CITIMORTGAGE, INC.; CITIGROUP GLOBAL
MARKETS INC.; CREDIT SUISSE FIRST
BOSTON MORTGAGE SECURITIES CORP.;
CREDIT SUISSE MANAGEMENT LLC; CREDIT
SUISSE SECURITIES (USA) LLC; MERRILL
LYNCH MORTGAGE INVESTORS, INC.;
MERRILL LYNCH MORTGAGE CAPITAL INC.;
MERRILL LYNCH, PIERCE, FENNER & SMITH
INC.; ALLY SECURITIES, LLC; DEUTSCHE
BANK SECURITIES INC.; HSBC SECURITIES
(USA) INC.; RBS SECURITIES INC.; and UBS
SECURITIES LLC,

          Defendants.

No. 12 Civ. 4000 (LTS)(KNF)

---

## UNDERTAKING

1.  I,_____, declare that:

2.  I have received a copy of the Protective Order (the "Order") entered by the Court in *Federal*

    *Deposit Insurance Corporation As Receiver For Citizens National Bank and Receiver for*

    *Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC, et al.* (the "Action"). I

    have read the Order and understand its provisions.

3.  I will comply with all of the provisions of the Order. I will hold in confidence, will not

    disclose to anyone other than those persons specifically authorized by the Order, and will not

use for purposes other than for this Action any information designated confidential that I receive in this Action, except as otherwise permitted under the Order.

4. I represent that I (circle one) do/do not have any known current or prospective interests in any of the assets of Strategic Capital Bank or Citizens National Bank.

5. I consent to the jurisdiction of the United States District Court for the Southern District of New York, to resolve any issues with respect to my compliance with the Order.


Dated:_____          Signature _____