UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL DEPOSIT INSURANCE             :
CORPORATION AS RECEIVER FOR
CITIZENS NATIONAL BANK AND            :
RECEIVER FOR STRATEGIC CAPITAL
BANK,                                 :
                   Plaintiff,
                                      :
     v.
                                      :           **ORDER**

CREDIT SUISSE FIRST BOSTON MORTGAGE             12-CV-4000 (LTS) (KNF)
SECURITIES CORP.; CREDIT SUISSE       :
MANAGEMENT LLC; CREDIT SUISSE
SECURITIES (USA) LLC; DEUTSCHE BANK    :
SECURITIES INC.; HSBC SECURITIES
(USA) INC; RBS SECURITIES INC.; AND    :
UBS SECURITIES LLC,
                                      :
                  Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       On October 27, 2017, the Court denied the parties' joint letter-request to reconsider the Court's June 21, 2017 "decision to strike Paragraph 43 [formerly paragraph 42] from the Protective Order," finding that "[a]bsent binding authority on the issues of concern to the Court respecting paragraph 43, the Court finds that including paragraph 43 in the parties' Stipulation and [Proposed] Protective Order is not warranted." Docket Entry No. 176. Before the Court is a joint letter, dated January 8, 2021, by defendant HSBC Securities (USA), Inc. and plaintiff Federal Deposit Insurance Corporation, as receiver for Citizens National Bank and Strategic Capital Bank requesting "a pre-motion conference regarding the Parties' intended joint motion to amend the Stipulation and Protective Order entered by the Court on January 8, 2020." Docket Entry No. 232. The parties assert that the proposed amendment would modify the protective order "in two respects":

1

*First*, the proposed amendments would allow the Parties (and third parties who are subpoenaed) to produce mortgage loan files and other documents containing non-party borrowers' personal information ("NPBI") under the strict confidentiality and sealing provisions of the PO, without the enormous and impracticable burden of redacting all NPBI from a universe of at least 17 million pages of documents or providing notice to thousands of borrowers before production may be made, as arguably contemplated by some state laws.  Courts in this District, including Judge Swain, have routinely entered protective orders with NPBI provisions identical in substance to that which the Parties seek to include in the proposed amended PO.  Most recently, Judge Nathan entered a protective order with an identical NPBI provision in another residential mortgage-backed securities case in which your Honor is the Magistrate Judge.  See U.S. Nat'l Bank Ass'n v. Goldman Sachs Mortg. Co., No. 19-cv-2305, ECF No. 60 ¶ 29 (S.D.N.Y. Apr. 1, 2020). . . . *Second*, the Office of the Comptroller of the Currency ("OCC")—the primary regulator of Citizens National Bank, one of the banks for which Plaintiff Federal Deposit Insurance Corporation brings its claims as receiver—has informed Plaintiff that it believes certain categories of documents requested by defendants are protected from disclosure by privileges the OCC ostensibly holds, including the bank examination privilege.  However, the OCC will allow Plaintiff to produce those categories of documents in this action if the PO is amended to include terms that are substantially similar to the model protective order set forth in 12 C.F.R. Part 4, Subpart C, App. A.  The proposed amendments to the PO include those terms.

The parties' request for a pre-motion conference, Docket Entry No. 232, is denied.  On or before January 26, 2021, a motion to amend the Court's January 8, 2020 order, Docket Entry No. 215, compliant with Local Civil Rules including Rules 6.1 and 7.1, shall be filed.  The parties' memorandum of law shall be no longer than 10 double-spaced pages without footnotes and shall identify and discuss any: (1) change in factual circumstances that occurred after the Court's October 27, 2017 denial of reconsideration order; and (2) binding authority on the issues of concern to the Court addressed in the Court's October 27, 2017 order denying reconsideration.  Any factual assertions in the memorandum of law must be supported by admissible evidence,

including those concerning "the Office of the Comptroller of the Currency."

Dated: New York, New York  SO ORDERED:
       January 14, 2021

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE